UNITED STATES, Appellee

v

MARTIN E. BOWEN, Private E–2, U. S. Army, Appellant

10 USCMA 74, 27 CMR 148

No. 11,889

Decided December 19, 1958

First Lieutenant Herbert R. Brown argued the cause for Appellant, Accused. With him on the brief was Captain Arnold I. Melnick.

First Lieutenant Jay D. Fischer argued the cause for Appellee, United States. With him on the brief was Major Thomas J. Nichols.

Opinion of the Court

GEORGE W. LATIMER, Judge:

In a trial by general court-martial, accused was found guilty of conspiracy to escape from confinement, escape from

confinement, wrongful appropriation, two robberies, assault with a dangerous weapon, housebreaking, larceny, and desertion, in violation of Articles 81, 95, 121, 122, 128, 130, 121, and 85 of the Uniform Code of Military Justice, 10 USC §§ 881, 895, 921, 922, 928, 930, 921 and 885, respectively. He was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for thirteen years. Because of certain errors of law, the convening authority took reductive action on the findings and sentence, and the board of review, after reducing one finding of robbery to a finding of larceny because of an instructional deficiency, affirmed a sentence of dishonorable discharge, total forfeitures, and confinement at hard labor for five years. We granted accused's petition for review to determine whether a comment by trial counsel materially prejudiced the substantial rights of the accused.

Only the facts requisite to a proper disposition of the issue need be related, and they arise out of an in-court argument between trial and defense counsel. In developing a theory that accused did not intend to remain away from the service permanently, defense counsel sought to introduce evidence that accused was mentally distraught over the death of his grandmother and the physical condition of his mother, and that his absence was occasioned by worry and grief and not by a desire to avoid military service. In support of this hypothesis and during the direct examination of a defense witness, testimony was elicited that the accused had stated to the witness "that his grandmother died and that his mother was sick in the hospital." An objection was lodged to this testimony on the ground that it was hearsay. In arguing in support of admissibility, trial defense counsel stated that the evidence was relevant to show the accused's state of mind. In reply, trial counsel remarked:

"The fact that possibly his grandmother had died is important, but the accused can take the stand as to whether his grandmother died and whether he thought she died; that is the important thing; the fact that he

said she died is unimportant. He could have very well been lying, and the witness on the stand has no knowledge as to whether he was telling the truth or not."

The law officer sustained the objection and admonished the court to disregard the testimony of the witness concerning the particular statement made by the accused. Apparently the erroneous comment about the accused taking the witness stand escaped detection, for no question about its propriety was raised at trial and no request was submitted to the law officer to instruct the court-martial to disregard its implications.

The parties argue vigorously over whether trial counsel's statement, when considered in context, was a comment on the failure of the accused to testify in his own behalf. We need not concern ourselves with the refinements of those arguments because very recently in United States v Allinder, 9 USCMA 575, 26 CMR 355, this Court answered a similar contention adversely to the Government. However, at this point, we note parenthetically that, at the conclusion of the taking of testimony in the instant case, the law officer instructed that no inference of guilt could be made from the failure of the accused to testify and that it could not be commented on in any way by trial counsel in addressing the court.

Construing trial counsel's statement in a way most damaging to the accused, it called the court members' attention to the fact that he could subsequently testify to his own state of mind on the desertion charge. From that suggestion the court-martial might have expected to hear him testify, and when he later failed to take the witness stand, they could infer that his failure to support his theory was an admission that his unauthorized absence was chargeable to something other than worry and concern over his family difficulties. Considered in that light, there is a fair probability that the accused could have been prejudiced on the desertion charge.

That brings us to a determination of whether the erroneous comment harmed the accused on the other offenses. It is

argued by his counsel that the remark was such it inevitably affected all specifications upon which the accused was standing trial. We think not, and the following reasons support our conclusion. First, the comment occurred during a colloquy over the admissibility of hearsay evidence on one particular specification. It was not inflammatory or aggravated as it passed unnoticed. The thrust of the remark was that accused himself could substitute the desired information within evidentiary rules, thus eliminating any question about admissibility, and no other crime nor issue called for substituted testimony. Second, long after the questioned event happened and became buried in a mass of trial facts, details, and argument, the law officer properly charged that no inference should be drawn from the accused's failure to testify and counsel could not comment on that fact. That instruction covered every specification and it was pronounced just before deliberations. Third, the accused in a pretrial statement had confessed to all other offenses, the evidence of their commission was overwhelming and unrebutted by any contrary evidence, and the only evidentiary dispute concerned his intent to remain away permanently. Last, the other offenses were so different in character from desertion that a remark by counsel directed at a narrow evidentiary issue concerning the latter crime alone would not reasonably be considered as aimed at all. Certainly, it would be unlikely for the court members to interpret the remark to mean the accused could testify on all specifications, but because he failed to do so he acknowledged his guilt.

In concluding the prejudicial impact was limited to one offense, we are mindful of our holding in United States v Allinder, supra, but we believe this case presents a substantial variation in facts. In that instance, the remark was made by the law officer, not by trial counsel, and, because the court takes its legal advice from him, the effect of an erroneous remark would be more pronounced. Also, there the offenses arose out of a single transaction. The accused's failure to testify on self-defense would weaken his defense to both alleged crimes and there was a fair risk the untimely comment would not be limited to only one offense. Here, as previously stated, the dissimilarity in crimes was pronounced, and a casual remark made about supplying evidence on intent in desertion would not reasonably be associated with a failure to testify on robbery and housebreaking.

Since the prejudice would affect only the desertion charge, it is manifest the harm was cured by the action of the convening authority. The staff judge advocate in his post-trial review pointed up the error made by the law officer in ordering the testimony of the witness stricken and directing the court-martial members to disregard it in their deliberations. To correct the erroneous ruling, the staff judge advocate recommended to the convening authority that the finding of desertion be reduced to a finding of absence without leave and the sentence be reduced accordingly. The convening authority followed the recommendation by affirming the lesser included offense and reducing the sentence. The testimony of both the prosecution and the defense shows the absence, and there is no way in which the comment could have been prejudicial to the accused on that crime. We, therefore, find that any prejudicial impact arising out of the comment made by trial counsel was effectively removed by the action of the convening authority.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.