UNITED STATES, Appellee

v

HAROLD L. ENDSLEY, Airman Third Class,
U. S. Air Force, Appellant

10 USCMA 255, 27 CMR 329

No. 12,210

Decided March 6, 1959

*Captain Norman J. Nelson* argued the cause for Appellant, Accused. With him on the brief were *Miss Madeline E. DeFina* and *Lieutenant Colonel Sam F. Carter.*

*Captain Lawrence J. Gross* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

## Opinion of the Court

HOMER FERGUSON, Judge:

Accused, after entering not guilty pleas, stands convicted by general court-martial of twenty specifications, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and intermediate appellate bodies have affirmed.

We granted accused's petition for review to determine whether or not the law officer committed prejudicial error by advising the accused in open court of his right to testify or to remain silent. The facts, insofar as pertinent to this appeal, are as follows: After the prosecution had rested its case, the following colloquy occurred between the defense counsel, who had been certified in accordance with Article 27(b) of the Uniform Code of Military Justice, 10 USC § 827, and the law officer:

"Defense has no opening statement. The rights of the accused as a witness have been explained to him and he elects to remain silent. The defense rests.

"LO: Airman Endsley, if you will stand up, I would like to explain your rights to you *again*. Airman Endsley, as the accused in this case you have these rights: First, you may be sworn and take the stand as a witness. If you do that, whatever you say will be considered and weighed as evidence by the court just as is the testimony of other witnesses, and you can be cross-examined on your testimony by the trial counsel and the court. If your testimony should concern less than all of the offenses charged against you and you do not desire to, or do not testify concerning the others, then you may be questioned about the whole subject of those offenses concerning which you do testify but you will not be questioned about any offenses concerning which you do not testify. Second, you may remain silent, that is to say nothing at all. You have a right to do this if you wish and if you do so the fact that you do not take the witness stand yourself will not count against you in any way with the court. It will not be considered as an admission that you are guilty, nor can it be commented on in any way by the trial counsel in addressing the court. Take time to consult with your counsel and then advise the court whether you wish to testify or to remain silent." [Emphasis supplied.]

Appellate defense counsel urges that we reverse accused's conviction upon the basis of United States v Allinder, 9 USCMA 575, 26 CMR 355. There the law officer remarked to the defense counsel in open court: "I think you can establish what your're [sic] trying to establish by asking the accused questions." In finding that this action constituted prejudicial error necessitating reversal, we said in part:

"The law officer cannot comment upon the failure of the accused to take the witness stand. Paragraph 72b, Manual for Courts-Martial, United States, 1951. Neither can he directly or indirectly indicate that the accused should or must testify.

". . . In our opinion, the law officer's general instruction to disregard any comment he may have made in regard to the guilt or innocence of the accused did not cure the error."

In our opinion the law officer's advice to the accused, which we note was a verbatim recitation of the explanation to be given an accused as suggested in Appendix 8a, Manual for Courts-Martial, United States, 1951, falls short of being a "comment" upon the accused's failure to take the stand within a fair meaning of that concept as embodied in *Allinder*, supra.

The aforesaid suggestion embodied in Appendix 8a of the Manual, supra, is prefaced as follows:

"NOTE. — Unless there is an affirmative showing of record that the accused understands his rights as a witness, the court should assure itself through the LO (president of a special court-martial) by questions addressed directly to the accused that he understands his rights. The following explanations may be used: • • • "

Here, the qualified defense counsel did make such an affirmative showing of record that the accused had been advised of his rights.

The procedure followed by the law officer in the instant case appears to be a hold-over from the time when the accused was not represented by a qualified lawyer and it was uncertain as to whether he would be properly advised of his rights. See United States v Rinehart, 8 USCMA 402, 24 CMR 212. We regard the procedure as unnecessary and undesirable under the system developed under the Uniform Code. Certainly we attribute no improper motive to the law officer, but his insistence on *again* advising the accused of his right to testify or not to testify and his requiring the accused to rise and announce his decision was inappropriate even under the Manual, supra.

The Manual for Courts-Martial procedural item employed by the law officer in the present case was designed primarily to insure that the accused be aware of his rights.

When the accused is represented by qualified counsel, there should be little need for the law officer to advise him regarding his fundamental rights since any qualified counsel should be fully aware of his obligation to render advice to his client in this regard. Undoubtedly, if the defense counsel announces that the accused has been so advised, there would appear to be no necessity for any action by the law officer. In this regard, affirmative action by the law officer would ordinarily be limited to those cases where no showing has been made, or a showing which the law officer finds to be inadequate has been offered that the accused has been adequately informed as to his fundamental right to testify or not to testify. See the comparable holding regarding the warning on a witness's right to claim self-incrimination. United States v Howard, 5 USCMA 186, 17 CMR 186, concurring opinion of Chief Judge Quinn. In any event, should the law officer feel impelled to inform the accused in this regard, we believe it would be a far better practice to call defense counsel to the bench and inquire accordingly or to act in an out-of-court session if necessary. In this connection, we take occasion to criticize the statement in paragraph 53h of the Manual, supra, that such explanation be given to the accused "in open court," since such a procedure might result in emphasizing the ac-

cused's failure to testify in the minds of the court-martial members.

Assuming here, without deciding, that the law officer's action constituted error, we look to the result. In so doing, we find no prejudice. The record of trial clearly displays an abundance of caution and solicitude for the rights of the accused by the law officer.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

While conceding that the instant case does not fall within the doctrine announced in United States v Allinder, 9 USCMA 575, 26 CMR 355, my associates seem quite willing to assume error and criticize a provision of the Manual for Courts-Martial, United States, 1951. I can see no sound basis for their assumption or their criticism and find that my views to the contrary are well supported by the Federal civilian authorities. Significantly, on this score it is interesting to note that the Court does not cite a single case to support the position taken.

Since the rationale of *Allinder* has been interjected into this case, it might be well to indicate the distance by which the advice here "falls short" of being improper comment. In that regard, I simply state that a court-martial would not necessarily or reasonably take the advice of the law officer as a comment on the accused's failure to testify. In my opinion, the members would do no more than to construe the comment as explanatory of the rights any accused person has when standing trial for an alleged offense. See Morrison v United States, 6 F 2d 809 (CA 8th Cir) (1925).

While somewhat obscured by discussion of appropriateness, necessity, and good practice, the assumption of error by my associates is based upon a conclusion that the procedure in the case at bar "might result in emphasizing the accused's failure to testify in the minds of the court-martial members." This reasoning has been the basis of

similar contentions in a number of Federal cases where the judge's instructions contained some reference to the accused's right of refusal to testify, and in such cases these analogous assertions have been almost uniformly rejected.

It is worthwhile to note that the statutory authority for the competency of an accused to testify in his own behalf and for the principle that no presumption shall arise against him for a failure to take the witness stand, was not expressly included in the Uniform Code of Military Justice. The Hearings before House Committee on Armed Services, 81st Congress, 1st Session, on H. R. 2498, page 984; House Report No. 491, 81st Congress, 1st Session; Hearings before Senate Committee on Armed Services, 81st Congress, 1st Session, on H. R. 4080 and S. 857, page 109; and Senate Report No. 486, 81st Congress, 1st Session, makes it clear that such a provision was considered unnecessary in light of Title 18 USC § 3481, which provides:

"§ 3481. Competency of accused.

"In trial of all persons charged with the commission of offenses against the United States and in all proceedings in courts martial and courts of inquiry in any State, District, Possession or Territory, the person charged shall, at his own request, be a competent witness. His failure to make such request shall not create any presumption against him. June 25, 1948, c 645, 62 Stat 833."

This language was adopted in substantial form from Title 28 USC (1940 ed) § 632 (March 16, 1878, ch 37, 20 Stat 30). For this reason the decisions of a number of Federal courts based on these statutes are particularly helpful in deciding the present question.

In the case of Kowalchuk v United States, 176 F 2d 873 (CA 6th Cir) (1949), the court held:

" . . . The trial court may properly call attention to the failure of a defendant to testify, in connection with an instruction that the fact that he has not so testified is not to be considered against him."

Again, in Chadwick v United States, 117 F 2d 902 (CA 5th Cir) (1941), where the trial court's instruction that the defendants' failure to testify could not be considered as a circumstance against them was asserted as error, the court stated:

". . . The instruction was in accordance with the statute, 28 USCA § 632, and was altogether favorable to the appellants. Furthermore, it has been held recently that failure to give such an instruction upon request constitutes reversible error. It is certain, therefore, that it was not error for the court to give the instruction of its own motion." [Citing Bruno v United States, 308 US 287, 60 S Ct 198, 84 L ed 257; Kreuzer v United States, 254 Fed 34 (CA 8th Cir) (1919); Hanish v United States, 227 Fed 584 (CA7th Cir) (1915).]

In this regard see also: Robilio v United States, 259 Fed 101 (CA 6th Cir) (1919); United States v Brookman, 1 F 2d 528 (D Minn) (1924); Becher v United States, 5 F 2d 45 (CA 2d Cir) (1924); Swenzel v United States, 22 F 2d 280 (CA 2d Cir) (1927); Affronti v United States, 145 F 2d 3 (CA 8th Cir) (1944); Poliafico v United States, 237 F 2d 97 (CA 6th Cir) (1956). The general rule to be drawn from the above-cited cases is set forth in 53 Am Jur, Trial, § 699, where it is stated:

. . . Thus, it is generally considered to be proper for a court of its own motion to charge the jury in the language of the statute, or without referring to the statute, that the defendant in a criminal action cannot be compelled to be a witness against himself, and that if he does not claim the right to be sworn and does not testify, that fact does not create any presumption against him and must not be used by the jury to his prejudice. At least, it is held, *the instruction is favorable to the defendant so that he may not complain thereof on appeal.*" [Emphasis supplied.]

In all of the cited cases, it can be said that the judge's instruction called to the attention of the jury the defendant's failure to testify, and it is important to remember that in practically every instance an objection to the instruction was taken at the close of trial and after the defendant's failure to testify had occurred. Manifestly, when the principle is embodied in an instruction, if it is erroneous, the possibility of prejudice is as great, if not greater, than in the procedural pattern presently before us where the asserted error was contained in the law officer's advice to the accused.

One further statement in the Court's opinion prompts comment, namely, the criticism of the provision contained in paragraph 53*h* of the Manual, supra, which authorizes the explanation of his rights to an accused in open court. Although it may be possible to conjure up some unusual factual situation where it might be better practice to keep the court uninformed on evidentiary matters, trials should be orderly and court members should not have their attention diverted from their principal objective by secret huddles around the bench or by repeated shufflings in and out of court. Therefore, unless prejudice is likely to follow from what is placed before the court—and parenthetically I note that in this instance my brothers find none—I do not support a practice which requires law officers to interrupt the ordinary trial procedure by either calling counsel to the bench and whispering to them or excusing court members. Particularly is that true when the court must ultimately know and should be instructed on the subject under discussion. Court members have the power to see and hear, and they are cognizant of the fact that the accused has remained silent. It is only natural for them to believe that silence on the part of one who is charged with an offense is indicative of a guilty conscience. It is for that reason that the law, when it made an accused a competent witness, protected him by the proviso that, if he failed to take advantage of the privilege, the triers of fact should not draw a presumption against him. But the fact remains that unless court members are informed of the law and told that no inference of guilt may be drawn from an accused's failure to testify, they are apt to place great significance on his silence. Therefore, unless the principle is called to the court-

martial members' attention by the method employed in this case or by an instruction cautioning them, there is a strong possibility that the accused will be harmed.

Finally, I must inquire how the suggestions of my associates will be applied in a special court-martial where the president of the court must carry out his duties in the presence of the other court members.

For the reasons stated herein, I find no error in the present case and, therefore, concur in affirming the decision of the board of review.