UNITED STATES, Appellee

v

LEE WILLIAMS, III, Private, U. S. Army, Appellant

20 USCMA 47, 42 CMR 239

No. 22,830

August 21, 1970

*Captain Frank B. Stahl, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Charles W. Schiesser*, and *Captain Thomas R. Maher*.

*Captain John F. Cooney, Jr.*, argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant* and *Major Edwin P. Wasinger*.

### Opinion of the Court

DARDEN, Judge:

Consistent with his plea of guilty, the appellant was convicted by a general court-martial of absence without leave and desertion during different periods in the years 1968 and 1969. After findings, counsel for Williams, properly qualified within the terms of Article 27(b), Uniform Code of Military Justice, 10 USC § 827, presented

an oral stipulation that detailed the appellant's service in Vietnam. In addition, he gave an unsworn statement in the appellant's behalf, explaining the circumstances attending the offenses here charged. Williams did not testify. The record now contains a post-trial affidavit by the appellant attesting that he had never been advised of his right to make a statement before sentencing and that counsel had informed him it would be best if counsel spoke in Williams's behalf. The question now before the Court is whether the failure of the military judge to inquire of the appellant personally if he had anything to say in his own behalf prior to sentencing rendered the subsequent sentence illegal.

Appellate counsel for the defense rely on both Federal and State precedent. They point out that the right of allocution had an early development in military law, that it was incorporated in the Manual for Courts-Martial, United States, 1951, by paragraph 75c (2),[1] complemented by paragraph 53h, and that in the 1969 Manual and the revised edition as well, paragraph 53h has been changed. In the 1969 Manual this paragraph provides:

". . . When an accused is represented by legally qualified counsel, it may be assumed that he has been correctly advised of these rights, and it is unnecessary to inquire if the accused has been so advised or to explain the right to the accused. Any inquiry or explanation as to the rights of the accused to testify in a general court-martial shall be made out of the hearing of the court members. See appendix 8 for forms of instructions."[2]

Counsel continue by asserting that the Manual and the Code leave unanswered the question of whether the military judge must "provide the accused with an opportunity to exercise his right to make a statement." They conclude that paragraph 75c(2), viewed in historical perspective, requires the military judge to do so and that Williams has suffered because of this omission, as he could have best described his own accomplishments in combat to the court.

The common-law right of allocution is preserved in Rule 32(a), Federal Rules of Criminal Procedure. This rule provides in pertinent part:

". . . Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

The Supreme Court in Green v United States, 365 US 301, 5 L Ed 2d 670, 81 S Ct 653 (1961), construed the rule to require a district judge to afford every defendant the chance to personally address the court prior to the imposition of sentence. The requirement was considered to be procedural in nature. Failure of the trial judge to meet this requirement:

". . . [I]s an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' " [Hill v United States, 368 US 424,

---

[1] *Statement of accused.*—Whether or not he testified on the issue of guilt or innocence or as to matters in extenuation or mitigation, the accused may make an unsworn statement to the court in mitigation or extenuation of the offenses of which he stands convicted, but the right to make such an unsworn statement does not permit the filing of the affidavit of the accused."

[2] In the revised edition the last sentence of the quoted portion reads:
". . . Any inquiry or explanation as to the rights of the accused to testify in a court-martial with a military judge shall be made out of the hearing of the court members. See appendix 8 for forms of instructions."

428, 7 L Ed 2d 417, 82 S Ct 468 (1962), rehearing denied, 369 US 808, 7 L Ed 2d 556, 82 S Ct 640; Martin v United States, 309 F2d 81 (CA 10th Cir) (1962).]

This Court's decision in United States v Endsley, 10 USCMA 255, 27 CMR 329 (1959), caused changes in the military procedure that had been followed until the time of that decision. (Analysis of Contents, Manual for Courts-Martial, United States, 1969.) The Court's concern in that case was with the law officer's open-court advice to Endsley of his right to take the witness stand or to remain silent before findings. Although the procedure followed in *Endsley* conformed to that in Appendix 8*a*, Manual for Courts-Martial, United States, 1951, this Court criticized the practice as being unnecessary, undesirable, and:

". . . [A] hold-over from the time when the accused was not represented by a qualified lawyer and it was uncertain as to whether he would be properly advised of his rights." [United States v Endsley, supra, at page 257.]

That opinion then continued:

"When the accused is represented by qualified counsel, there should be little need for the law officer to advise him regarding his fundamental rights since any qualified counsel should be fully aware of his obligation to render advice to his client in this regard." [*Ibid.*]

This Court's comments in United States v Endsley, supra, intended to discourage, before findings, an open-court questioning of an accused who was represented by a qualified lawyer about the former's desire to testify. The *Endsley* opinion was not meant to disapprove an accused's being given an opportunity to make a plea or statement in his own behalf before sentencing. In those cases where members of the court are to determine the sentence, the notification to the accused of his privilege to speak in his own behalf, which we encourage, should be out of the hearing of members of the court so that the members should not draw any unfavorable conclusions from his decision not to speak or from the manner in which he expresses such a decision. If, then, the current paragraph 53*h* of the Manual is considered as a justification for not informing an accused of his privilege of allocution because of this Court's opinion in *Endsley*, any such construction of the paragraph is an overextension of the point the Court made in the *Endsley* opinion.

We strongly urge that in military courts the accused be reminded of his privilege to speak after his guilt has been determined and before his sentence is set. Such a reminder is not now required by either statutory law or the Manual for Courts-Martial, which with certain exceptions not pertinent here has the effect of law. In trials by Article III courts the requirement for such a reminder appears to be based not on the Constitution but on the Federal Rules of Criminal Procedure, and a failure to inquire whether a defendant desires to speak personally is not a "fundamental defect." Hill v United States, supra. Consequently, it is clear that the failure of the military judge in this instance to remind the appellant of his allocution privilege is not an "error [that] materially prejudices the substantial rights of the accused." Article 59, Uniform Code of Military Justice, 10 USC § 859.

The decision of the Court of Military Review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring):

I concur.

Because I believe that under the particular facts of this case "the failure of the military judge in this instance to remind the appellant of his allocution privilege is not an 'error (that) materially prejudices the substantial rights of the accused,'" I am able to concur with my brothers in affirming the decision of the Court of Military Review. I join with them in strongly urging that in military courts the trial judge

personally remind the accused of his privilege to speak after his guilt has been determined and before his sentence is set. This common-law right, preserved in Rule 32(a), Federal Rules of Criminal Procedure, is a personal right, the importance of which cannot be minimized. As Mr. Justice Frankfurter stated in writing for the Court in Green v United States, 365 US 301, 304, 5 L Ed 2d 670, 81 S Ct 653, 655 (1961):

". . . The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."

See also Hill v United States, 368 US 424, 434, 7 L Ed 2d 417, 82 S Ct 468, 474 (1962).