UNITED STATES, Appellee

v

STEVEN FORD RICHARDSON, Seaman Recruit,
U. S. Navy, Appellant

21 USCMA 383, 45 CMR 157

No. 24,681

May 12, 1972

 

*Lieutenant Charles W. Corddry, III,* JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant Winston J. Hughes,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Commander Michael F. Fasanaro, Jr.,* JAGC, USN.

## Opinion of the Court

DARDEN, Chief Judge:

Appellate authorities have approved, without modification, a special court-martial's finding that the appellant was guilty of a charge involving two unauthorized absences and its sentence of a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $83 per month for the same period. We consider two issues that the Court of Military Review also considered. They are whether (1) the bad-conduct discharge is supported by a verbatim record, and (2) the military judge prejudicially erred by advising the accused in open court of his right to testify in mitigation and extenuation and by questioning the appellant on his unsworn statement.

Both issues arose from this source. After findings, the military judge advised the appellant that he could then present mitigating evidence and that his options included remaining silent, testifying under oath, and furnishing orally or in writing an unsworn statement on which he could not be cross-examined. Richardson elected to make an unsworn statement explaining his absences from the U. S. S. JOHN F. KENNEDY and the Naval Training Station, Great Lakes, Illinois. He asserted that he was shifted from one duty to another aboard the KENNEDY because of his past brig record. That record was the reason he was not acceptable to the fueling division officer aboard the ship. This specific comment caused the military judge's query that is under attack here. The following exchange between Richardson and the military judge bears on both issues:

"MJ: Richardson, you don't need to answer me if you don't wish. You have a perfect right to remain silent but, you mentioned fuel division. Since this was a carrier, was this black oil or aviation fuel?

"ACCUSED: That would have been other than aviation fuel.

"MJ: O. K. Does the prosecution have anything in rebuttal?

"TC: The prosecution has no rebuttal evidence, Your Honor.

"MJ: Beg your pardon?

"TC: No rebuttal evidence.

"MJ: Will Trial counsel step up here please.

"The trial counsel and defense approached the bench and held a discussion.

"MJ: Trial counsel may present argument [on the sentence]."

Before the Court of Military Review, the Government filed an affidavit by the military judge. He recalled, with some uncertainty, that at the time of the statement quoted above defense counsel had already approached the bench and that at the judge's request trial counsel followed. He asked both counsel if they desired that any special instruction be given after arguments and if defense counsel desired limiting instructions similar to those given before findings on the masking of one exhibit. Counsel responded in the negative.

In deciding against the appellant on the issue of a verbatim record, the Court of Military Review explained its reasoning in this way:

"In BeLarge, supra, relied upon by appellant, the conference was between the president, other court members, and counsels [sic]. In this case, the sidebar conference was between the military judge and counsels [sic] on both sides, at a point in trial immediately prior to the commencement of arguments on the sentence. Cf. United States v Ransom, 4 USCMA 195, 15 CMR 195 (1954) where an unrecorded sidebar conference between a law officer of a general court-martial and the opposing counsels [sic] did not constitute reversible error. In the case sub judice, we are certain that either of the lawyers present at the sidebar conference could have requested that the reporter record any matter of moment. Assuming it was error not to record the conference, we do not believe any prejudice could flow from the unrecorded conference under the circumstances of this case, since the military judge was not to be personally involved in the ultimate sentencing process. Nothing contained in the equivocal post-trial affidavit filed by the military judge upon government's motion granted by this Court would detract from our decision. The assignment of error is denied."

Appellate defense counsel insists that United States v Ransom, 4 USCMA 195, 15 CMR 195 (1954), is inapplicable in this instance, since the record does not show that the in-court exchange could not be heard by court members. He also urges that *Ransom* is no longer good authority because the 1969 Manual revision[1] changed the provisions that were in effect when *Ransom* was decided.

Ransom was tried and convicted of several offenses, including the premeditated murder of a Korean guard and the rape of a young Korean girl. Her father testified at the court-martial. His testimony was recorded verbatim. The entry " 'Trial counsel, defense counsel and the law officer then conferred out of the hearing of the reporter and the court,' " followed. *Ransom,* supra, at page 202. Because Ransom was not a party to the in-court discussion, his counsel alleged prejudicial error. This Court applied paragraphs 57g(2) and 82b, and Appendix 8a, Manual for Courts-Martial, United States, 1951, in a way that rejected this contention.

The Court declared that such a conference:

". . . [I]s entirely unlike an unrecorded conference between the law officer and the court, out of the presence of the accused. United States v Miller, 2 USCMA 272, 8 CMR 72. Neither does it in any way

---

[1] Manuals for Courts-Martial, United States, 1951, and 1969 (Revised edition); see also Analysis of Contents, Manual for Courts-Martial, United States, 1969.

destroy the completeness of the record of the actual court proceedings against the accused. See: United States v Nelson, 3 USCMA 482, 13 CMR 38." [*Id.*, at page 203.]

Paragraph 57 of the 1951 Manual prescribed whether the law officer or members of the court would decide interlocutory questions (other than challenges). That paragraph divided authority over this kind of issue between the members of the court and the law officer of a general court-marial or the president of a special court-martial. If a member of the court objected to a ruling of the law officer on a motion for a finding of not guilty or on the question of the sanity of an accused, members of the court decided those two issues. On other interlocutory questions, the law officer's ruling was final. Paragraphs 57*a*, 57*d*.

Under the 1951 Manual, proceedings out of the hearing of the court members were not required except when counsel desired to argue on a proposed additional instruction. In his discretion the law officer could order any such argument recorded and appended to the record. Paragraph 73*c*(2). On his own initiative, or on counsel's motion, the law officer also had authority to exclude court members during an offer of proof or when he believed preliminary evidence or argument on admissibility of proffered evidence might prejudice the rights of the accused or the Government. Paragraph 57*g*(2). In such instances, the Manual required the presence of opposing counsel, the accused, and the reporter. If such proceedings involved the presentation of preliminary evidence, they were recorded, transcribed, and appended to the record of trial. The proceedings that involved only arguments on admissibility of evidence or offers of proof normally were not recorded, but the law officer could direct that they be recorded, transcribed, and appended. Paragraph 57*g*(2); paragraph 154*c*.

These provisions of paragraph 57 were consistent with, but also qualified a general requirement in, paragraph 82*b*(1), which provided that the record set forth a verbatim transcript of all proceedings. Paragraph 57 prescribed rules for the conduct of a trial, but paragraph 82*b*(1) covered the physical preparation of a record of trial.

A part of Appendix 8*a* of the 1951 Manual that furnished a trial procedure guide for an in-court conference requested by counsel is set out in the margin.[2] That example contains no

---

[2] "Excluding members of general courts-martial:

— in-court conference

"NOTE.—See 57*d*(2), 57*g*(2), and 73*c*(2) for rules governing certain proceedings had outside the presence, view, or hearing of members of a *general* court-martial. The procedure for an in-court conference requested by counsel may be as follows:

DC(TC): I would like to confer with the law officer out of the hearing of the members of the court.

LO: Counsel for both sides and the accused will come forward.

"NOTE: — After an in-court conference, the procedure may be as follows:

LO: Let the record show that the accused and counsel for both sides conferred with the law officer out of the hearing of the members of the court. (The trial will proceed.) (The court will recess until —— so that counsel may present certain additional matters to the law officer outside the presence of the members of the court.) (The court will recess. If the members of the court will remain in the vicinity of the courtroom, I shall, as soon as practicable, notify the president of the approximate time of reassembly of the court for the continuation of the trial.)

notation regarding the verbatim record of in-court conferences. This excerpt recites that it is a suggested scenario for an in-court conference requested by counsel. The references are to Manual sections prescribing rules for proceedings outside the presence of members of a general court-martial. These are strong indications that the "in-court conference" referred to was one in which a counsel desired to propose that something be presented to and argued before the law officer alone.

The Manual for Courts-Martial, United States, 1969 (Revised edition), covers the same general topics as the paragraphs referred to above, but the revision incorporate certain changes. For example, under the 1969 revision, the military judge's ruling on an interlocutory question may be overturned by the military jury only on an issue of mental responsibility. Paragraph 57a(1), paragraph 57d. The 1969 revised Manual restates paragraph 57g(2) in these words:

"When sitting with members, the military judge should hear arguments of counsel on proposed instructions (73d), and, at the request of the defense, on matters concerning the admissibility of a pretrial statement of the accused, out of the hearing of the members of the court. Also, if it appears to the military judge that an offer of proof (154c), preliminary evidence or argument with respect to the admissibility of offered evidence, or any other proceeding not requiring the presence of the members may contain matters prejudicial to the rights of the accused or the Government, he should, upon his own motion or upon motion of counsel, direct that the members of the court be excluded during these proceedings. Counsel for both sides, the accused, and the reporter will be present during these proceedings, which will be fully recorded, transcribed, and incorporated in the record of trial. But see 82b(1) and 83b.

"When, as a result of a hearing held out of the presence of the members of the court, the military judge rules that offered evidence is admissible, the evidence will be offered in open session; in addition, if preliminary evidence adduced at such a hearing goes to the weight of the evidence admitted by the ruling of the military judge, both sides will be given an opportunity to present for the consideration of the members of the court any competent evidence affecting the weight to be given to the evidence so admitted. In this connection, see 140a(2) and (3).

"In lieu of, or in addition to, any oral arguments of counsel with respect to the admissibility of evidence, the military judge may also direct counsel to submit written arguments or briefs on questions of law. These written arguments should not be brought to the attention of the members of the court but should be made part of the record of trial."

This paragraph lists six general types of proceedings that may be had outside the presence of ▮▮▮ ■ court members. It is "these proceedings" that must be fully recorded, transcribed, and incorporated in the record of trial. The language of paragraph 57g(2) does not support a contention that side-bar conferences involving the military judge and counsel for both sides on subjects other than those covered by paragraph 57g(2) are prohibited.

Appellate defense counsel directs our attention to Appendix 8b, Manual, su-

— recording out-of-court hearing

LO: Let the record show that, during the recess, a hearing was held out of the presence of the members of the court. It was attended by the law officer, the accused, counsel for both sides, and the reporter. The proceedings of the hearing (will not be appended to the record) (will be appended to the record as Appellate Exhibit 1). The trial will proceed."

pra, 1969 (Revised edition). A part of the text of Appendix 8b is also set out in the margin.[3] This part of the Appendix covers the same general subject as the part of Appendix 8a of the 1951 Manual that is quoted in footnote 3. As appellate defense counsel notes, Appendix 8b does contain the note that in-court conferences and any action taken on them are normally recorded verbatim. This note, however, must be read in context, and the part of Appendix 8b that is quoted must be related to paragraph 57g(2), which is the principal basis for it. Our conclusion is that the "in-court conferences" referred to in the quoted part of Appendix 8b are conferences at which counsel attempt to explain to the military judge their reasons for desiring that the military jury be excluded during argument on certain motions. Construing that note as requiring any conversation involving the judge and opposing counsel to be recorded would be an unwarranted extension of its in-context meaning.

Side-bar conferences of the kind that occurred here are not prohibited directly or impliedly by the language of paragraph 57g(2) of either the 1951 or 1969 Manual.

United States v Ransom, supra, then retains its vitality, and an unrecorded side-bar conference involving the military judge and opposing counsel does not violate the provision that a special court-martial may adjudge a bad-conduct discharge only if the record is verbatim. Article 19, Uniform Code of Military Justice, 10 USC § 819.

Although nothing in the record of this trial demonstrates, as did the record in Ransom, supra, that the in-court conference could not be heard by the court members, nothing in the record rebuts the presumption that the conference did occur, as the military judge intended, out of the hearing of the court mem-

[3] "Excluding members:

"NOTE. As previously indicated, certain motions may be properly made out of the presence of the court members. Additionally, other matters should be conducted out of their presence, view, or hearing. See, for example, 53h, 57a(2), 57g(2), and 73d. The procedure for an in-court conference requested by counsel may be as follows:

— in-court conference

DC (TC): I would like to confer with the military judge out of the hearing of the members of the court.

MJ: Counsel for both sides, the accused, and the reporter will come forward.

"NOTE. In-court conferences and any action thereon are normally recorded verbatim. See 39c.

— out-of-court hearing

"NOTE. The out-of-court hearing rather than the in-court conference is appropriate for dealing with matters which will require more than a short period of time to resolve. When the MJ decides to hear a matter out of the presence of the members, he should advise them that an out-of-court hearing is required and of the approximate time that will be required to conduct it. He should then declare a recess or adjournment as may be appropriate. The hearing should be held in substantially the following manner:

(opening of hearing)

MJ: This out-of-court hearing will come to order. Let the record show that during the (adjournment) (recess), this hearing is being held out of the presence of the members of the court. It is attended by the military judge, the accused, counsel for both sides, and the reporter.

(conduct and recording of hearing)

"NOTE. The necessary proceedings are now held. They are recorded and incorporated in the record as indicated in 57g(2). Prior to concluding the hearing, if he makes a ruling or decision at this time, the MJ should announces [sic] it.

(termination of hearing)

MJ: This out-of-court hearing is terminated."

bers. Appellant Richardson's not participating in the conference was not crucial, since in these circumstances his counsel's acts bind him. United States v Ransom, supra, at page 203. We consider, then, that the record of this trial is a verbatim one within the meaning of paragraph 82b(1), Manual, supra, 1969 (Revised edition).

We now address the second issue. This Court's decision in United States v Endsley, 10 USCMA 255, ■ 27 CMR 329 (1959), questioned the necessity and the desirability of advice from a law officer (now the military judge) to an accused represented by a qualified lawyer about the accused's right to testify or to remain silent. The *Endsley* opinion declared that if the judge gives such advice, he should do so out of the court's hearing. And in United States v Williams, 20 USCMA 47, 42 CMR 239 (1970), we expressed the view that a judge should inform an accused on his privilege of allocution but that this should occur out of the court's hearing.

In the instant case, the military judge disregarded the *Endsley* injunction. He also violated paragraph 75c (2), Manual, supra, 1969 (Revised edition), which provides that an accused's unsworn statement in mitigation and extenuation is not evidence and that he cannot be cross-examined on it.

Still we are unable to find any prejudice resulting from the errors. The potential for harm that inheres in a military judge's reminding an accused before the military jury of his right to testify is that this advice may emphasize to the members of the jury his failure to testify. United States v Endsley, supra. Since this accused elected to make an unsworn statement, the court members could not have drawn an unfavorable inference from his failure to testify. Even if the accused contended that except for the judge's statement in open court, he would not have testified, we find nothing in his testimony that was likely to influence the court against him. If his testimony had any effect, it could only have helped him.

The military judge's seeking elaboration on the kind of fuel the accused had referred to was an error, but we are satisfied it was also innocuous.

We affirm the decision of the Court of Military Review.

Judges QUINN and DUNCAN concur.