**UNITED STATES**

v.

**Tony L. WALKER, 244 98 1513, Private (E-1), U. S. Marine Corps.**

**NCM 77 2223.**

U. S. Navy Court of Military Review.

Sentence Adjudged 13 July 1977.

Decided 24 March 1978.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

CAPT Geoffrey D. Fallon, USMCR, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

GRANGER, Judge:

The military judge failed to personally advise appellant of his right to testify, make an unsworn statement, or remain silent, as required by paragraph 53*h* of the *Manual for Courts-Martial.* In appellant's presence, the judge did ask appellant's trial defense counsel whether counsel had advised appellant of his rights to testify or remain silent, and received an affirmative response. This reminder to appellant did not encompass a reminder that he could make an unsworn statement. We are forbidden by paragraph 53*h, supra,* from assuming that counsel advised appellant of this right. Appellant did not make an unsworn statement.

■ The evolution of paragraph 53*h,* as it relates to this issue, appears to be attributable to the misreading of and over-reaction to case law. One example of such over-reaction is the 1969 revision of this paragraph in the wake of *United States v. Endsley,* 10 U.S.C.M.A. 255, 27 C.M.R. 329 (1959). *See United States v. Williams,* 20 U.S.C.M.A. 47, 42 C.M.R. 239 (1970); *United States v. Wilburn,* 20 U.S.C.M.A. 86, 42 C.M.R. 278 (1970). Another example is the present paragraph 53*h* which is the product of amendments made after *Williams* and *Wilburn* were handed down. The result is an aberration. It may now be presumed that defense counsel has properly advised his client of his right to testify or remain silent during trial on the merits, when his guilt or innocence is at stake and his understanding of his right against self-incrimination is critical, but the judge must personally advise an accused of his right to testify, make a statement or remain silent during the presentence hearing, when his guilt has already been established and only the quantum of punishment is at issue. There appears to be no good reason to eliminate the presumption that counsel properly performed this function. The present *Manual*

provision nevertheless makes it clear that we cannot rely upon that assumption.

■ We are therefore confronted with a record disclosing (1) that the judge failed to advise appellant of his right to make an unsworn statement and (2) no indication that appellant otherwise knew of that right. Error was committed, and it is necessary to determine whether appellant was prejudiced by that error. *See United States v. Hawkins,* 25 U.S.C.M.A. 23, 54 C.M.R. 23 (Interim), 2 M.J. 23 (1976).

■ As this Court recognized in *United States v. Holmes,* No. 77 1309 (N.C.M.R. 22 December 1977), the accused's right to make an unsworn statement is the right of allocution, rooted in the common law. *See* Note, Procedural Due Process at Judicial Sentencing for Felony, 81 Harv.L.Rev. 821, 832 (1968). The significance of this right has been diminished considerably by major changes in criminal procedure. *See Green v. United States,* 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). Although the common law right to allocution has been adopted by the Federal courts, *Ball v. United States,* 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377 (1890), Federal Rules of Criminal Procedure, Rule 32(a)(1), the failure to accord the defendant the opportunity to speak is not Constitutional or jurisdictional error, nor is it a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

■ There is no statutory requirement that a military judge remind or advise an accused of his right to make an unsworn statement. Prior to the 1975 amendments to the *Manual for Courts-Martial,* there was no regulatory requirement for such advice, nor was the failure to remind the accused of this right considered error that materially prejudiced the substantial rights of the accused. *United States v. Williams, supra.*

The major viable justification for according an accused the right of allocution is its

therapeutic value. ABA Project on Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedures 225 (Approved Draft 1968). It affords an accused the opportunity to participate personally in his trial, and assuage any bitterness or suspicions he may harbor regarding the fairness of the proceedings. It may therefore serve as an early step toward rehabilitation.

■ In the case at bar, appellant testified in extenuation and mitigation. His candor and uninhibited discussion of his feelings and circumstances leave little doubt that he "spoke his piece," unimpeded by the oath he was under. Under these circumstances we find no fair risk that appellant was prejudiced by the error of the military judge. *See United States v. Poling,* No. 77 0055 (N.C.M.R. 6 May 1977), *pet. denied,* 4 M.J. 139 (C.M.A.1978).

This case is distinguishable from *United States v. Hawkins, supra,* in which the Court of Military Appeals set aside the sentence of an accused because he had not been advised of his rights to allocution. In that case, the accused did not testify. It was therefore impossible for the Court to assess whether appellant was damaged by the absence of this advice. The purpose of allocution was served in the case at bar; it was not in *Hawkins.*

■ Assuming, without deciding, that the holding in *United States v. Booker,* 3 M.J. 443 (C.M.A. 1977) is applicable retroactively, we find no prejudice in the consideration of three incidents of nonjudicial punishment. Appellant was convicted of offenses for which he could have been sentenced to a dishonorable discharge and 30 years confinement at hard labor. His sentence, as approved below, includes a bad conduct discharge and confinement at hard labor for 7 months.

The findings and sentence as approved below are affirmed.

Judge GLADIS concurs.

NEWTON, Senior Judge (Dissenting):

I am in total disagreement with my brothers. They misread the law they cite. In a commendable effort to save a case, they misapply the precedent under which we function. I dissent.