## UNITED STATES

v.

**Private First Class Brian G. BUSKE, 468–68–3178, U. S. Army, Headquarters Company, United States Disciplinary Barracks, Fort Leavenworth, Kansas.**

### CM 433652.

U. S. Army Court of Military Review.

Sentence Adjudged 27 May 1975.

Decided 15 Dec. 1975.

Appearances: Appellate counsel for the Accused: CPT Peter V. Train, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: CPT Dale L. Anderson, JAGC; CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

MITCHELL, Judge:

The appellant, in accordance with his plea, was convicted by a general court-martial with members of larceny and six acts involving the possession, use, sale or transfer of marijuana and one act of possession with intent to distribute 100 tablets of amphetamines in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934. He was sentenced to a bad-conduct discharge, forfeiture of $150.00 per month for twenty-four months, confinement at hard labor for two years, and reduction to the lowest enlisted grade. The convening authority, pursuant to a pretrial agreement, reduced the confinement to one year.

In their first assignment of error, appellate defense counsel assert that the accused's plea of guilty to the specification alleging the sale of marijuana in an Army barracks at Fort Leavenworth, Kansas, was improvident. We agree.

During the providency inquiry, the accused admitted that he delivered to a fellow-soldier, a quantity of marijuana which he had purchased for $20.00. He explained to the judge, however, that the purchase had been made at the request and for the sole use of his friend who gave him the $20.00 in advance of the purchase. The entire transaction was conducted as a favor with no financial or monetary gain on his part.

The judge, recognizing that this testimony raised the possibility that the appellant was merely an agent for the buyer and not a seller, continued the inquiry:

"MJ: You in fact, although he paid you in advance, you in fact were selling the marijuana to him, you went and bought it on your own and it became your property. Is that correct when you bought it?

Then you sold your property to Curtis is that correct?

ACC: Yes, sir."

His attempts to resolve the issue, however commendable, fell short of reconciling the inconsistencies and therefore appellant's plea of guilty to selling marijuana to Private Curtis was improvident. Agency includes every relation in which one person acts for or represents another by the latter's authority.* In our opinion, the military judge elicited little more than a legal conclusion and not the underlying facts to overcome the obvious possibility of the defense of agency. *United States v. Fruscella*, 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971).

■ The second issue raised by appellate defense counsel, is in our opinion, without merit. They urge us to declare that an off-post sale of marijuana to Private Williams, a fellow soldier, was not a "service-connected" offense and hence, not within the jurisdiction of the military tribunal which tried the appellant. They concede that the United States Court of Military Appeals holds otherwise, *United States v. Sexton*, 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974), but suggest that times have changed and the military should now follow certain Federal civilian courts which have found such off-post sales to be outside the jurisdiction of military tribunals. None of their cited decisions, that have become final, post date *Sexton, supra.*

The true definition of the word "military installation" is a nebulous one. Mobility, inherent to military deployment, makes a mockery of a stereotyped concept of installation boundaries. Today's off-post pasture land could very well be tomorrow's bivouac area. Does the status of military passengers for purposes of criminal jurisdiction undergo change, coach by coach, as a civilian operated troop train enters or exits an Army post? Do we have to reach the affected conclusion similar to a common law fiction, that all the military person need do to escape punishment for conduct which prejudices the good order and discipline or brings discredit upon the armed forces is to

step outside the post, transact the sale of marijuana to another soldier, pocket the money and return to his on-post military duties? We think not. We hold that the offense of contraband trafficking is *person discrediting* as distinguished from a discredit due to *time or place.* The evil and resultant harm to the armed forces stems from the *military status* of the parties and the *transaction* regardless of whenever or wherever it is consummated. A seller who transfers his contraband to another serviceman has, in our opinion, committed a "service-connected" offense, notwithstanding its off-post situs and appellant's contention that the civilian criminal courts have exclusive jurisdiction. A departure from our adherence to the established precedent of *Sexton* in our view could not be justified.

■ We agree with appellate defense counsel that the military judge erred by failing to personally remind the accused of his right to make a sworn or unsworn statement to the court in mitigation or extenuation of the offenses for which he was convicted or to remain silent. (Paragraph 53*h*, Manual for Courts-Martial, United States, 1969 (Revised edition)). The appellant made an unsworn statement which in our view was not the most sagacious choice. We shall cure the possible prejudice by reassessment of the sentence.

The finding of guilty of Specification 2 of Charge II is set aside and that charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated errors and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, forfeiture of $150.00 pay per month for twelve months, confinement at hard labor for one year, and reduction to the grade of Private (E–1).

Senior Judge CARNE and Judge MOUNTS concur.

* Black's Law Dictionary (Fourth Edition), 1951.