UNITED STATES, Appellee,

v.

Clinton HAWKINS, Private First Class,
U.S. Army, Appellant.

No. 31,646.
CM 433499.

U. S. Court of Military Appeals.

Sept. 17, 1976.

*Captain Frank R. Newett* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey* and *Captain John R. Osgood.*

*Captain Richard A. Kirby* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr.,* and *Captain Richard S. Kleager.*

Opinion of the Court

PER CURIAM:

 A recent change in the Manual for Courts-Martial mandates that, if a determination of guilt is reached in a trial by court-martial, "the military judge . . . will personally remind the accused of his rights to make a sown or unsworn statement to the court in mitigation or extenuation of the offenses of which he stands guilty, or to remain silent." Paragraph 53*h*, MCM (change 1). Since the Manual provision falls within the President's statutory authority to prescribe rules of trial procedure,[1] and is not otherwise inconsistent with the Uniform Code of Military Justice, the allocution advice requirement has the force and effect of law. *United States*

---

1. Article 36, Uniform Code of Military Justice, 10 U.S.C. § 836.

*v. Douglas,* 1 M.J. 354 (1976); *United States v. Ware,* 1 M.J. 282, 285 n. 10 (1976).

■ The Government appropriately concedes that the trial judge erred in this case by failing to apprise the appellant of his rights as to allocution prior to sentencing. *United States v. Bagby,* S.P.C.M. 11571 (A.C.M.R., Dec. 18, 1975), *petition denied,* No. 31,725 (U.S.C.M.A., Mar. 18, 1976); *United States v. Buske,* 2 M.J. 465, 467 (A.C.M.R.1975); *United States v. Flores-Molina,* C.M. 433506 (A.C.M.R., Sept. 4, 1975), *petition denied,* No. 31,349 (U.S.C. M.A., Jan. 5, 1976). It is urged, however, that the error was not prejudicial "when it appears affirmatively, as here, that the accused was both otherwise aware of his rights to make a statement prior to the [announcement of] sentence and that he elected not to make a statement." *See* Article 59(a), UCMJ.

In support of its argument, the Government has noted that the appellant elected to testify on the merits at trial. The transcript also reflects, however, that the appellant did not take the stand during the sentencing phase of his trial. We are unwilling to draw the inference urged upon us by government counsel that, because he testified prior to findings and knew he was subject to cross-examination, the appellant also must have been advised by his attorney that he could testify during the sentencing phase of the proceedings and not necessarily be subject to cross-examination. Paragraph 75*c*(2), MCM. Nor do we believe counsel's advice concerning allocution, even if documented, would alleviate the trial judge's obligation personally to inquire of the accused concerning his understanding of his rights to testify during the sentencing phase of the trial.[2] Paragraph 53*h*, MCM, expressly provides that a judge may not assume that an accused's rights as to allocution have been correctly explained by his defense counsel.

Believing, as we do, that the accused was prejudiced by the trial judge's failure to comply with paragraph 53*h* and, as a result, the accused was denied a fair hearing as to sentence, the sentence affirmed by the United States Army Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing as to sentence may be ordered by the same or a different convening authority.

___

2. *See United States v. Williams,* 20 U.S.C.M.A. 47, 42 C.M.R. 239 (1970). *See also United States v. Wilburn,* 20 U.S.C.M.A. 86, 87, 42 C.M.R. 278, 279 (1970) (Ferguson, J., dissenting).