**UNITED STATES**

v.

**Corporal (E–4) Ambrouse L. PILGRIM, 460–02–7683, U. S. Army, Company A, 3d Battalion, 68th Armor, APO New York 09086.**

**CM 435069.**

U. S. Army Court of Military Review.

Sentence Adjudged 28 April 1976.

Decided 15 Dec. 1976.

---

Appellate Counsel for the Accused: CPT Larry D. Anderson, JAGC; MAJ Richard J. Goddard, JAGC; LTC John R. Thornock, JAGC.

Appellate Counsel for the United States: MAJ Michael B. Kennett, JAGC; CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

Before CLAUSEN, C. J., CARNE, Senior Judge, and MITCHELL, J.

## OPINION OF THE COURT

CLAUSEN, Chief Judge:

This case is before us for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866.

In his sole assignment of error, appellant urges this Court to extend the principles enunciated in *United States v. Jordan*, 24 U.S.C.M.A. 156, 51 C.M.R. 375, 1 M.J. 334 (1976), to the Sixth Amendment context by excluding evidence derived from a lineup conducted by foreign officials in the presence of an American "official," presumably without the accused being advised of his right to the assistance of counsel at that lineup. Disposition of this case, however, does not require us to reach this question.

We assume, without deciding, that the appellant was not advised of his right to the assistance of counsel at the lineup and that the presence and participation of the American "official" was such that, in keeping with the *Jordan* rationale, the conduct of the lineup must satisfy Sixth Amendment requirements as applied in the military community before fruits of the lineup may be admitted into evidence in a trial by court-martial. However, if the in-court identification resulted from a source independent of the lineup, then the identification testimony need not be excluded. Additionally, we may determine that the testimony concerning the lineup identification was harmless beyond a reasonable doubt. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). It is upon this latter foundation that our decision of this case rests.

Even excluding the identification testimony of the prosecution's key witness, the victim of a robbery, the evidence of the guilt of the accused is overwhelming.

The victim testified that while walking along a street in Viernheim, Germany, during the early morning hours of 4 February 1976, a car pulled along side of him. Three men exited the car. The first person to exit caught him by the coat and struck him on the head knocking him to the ground. The first assailant was then joined by the other two. The three assailants knocked the victim back to the ground as he was attempting to get up. As the victim lay on the ground he felt his wallet being torn from his pants. The victim then testified that he saw the three men run back to and enter the car and drive away. The victim was able to observe the license number of the car as it departed the scene. He reported the incident to the German Police.

At the trial, it was stipulated by and between the prosecution and the defense, with the express consent of the accused that on 4 February at about 0150 hours, the accused, in the company of others, including a Specialist Four Kevin Wilson, was apprehended by the German Police. A search of the vehicle in which they were riding revealed, among other things, a wallet which was the property of the victim of the robbery.

Specialist Four Wilson testified that he was driving the car in which the accused was riding on the morning of 4 February 1976, when he was told to stop the car next

to a man walking along the street. He further testified that the accused and two others exited the car; that the accused exited the car first; that the accused was the first to catch the man; that the other two then arrived and a struggle ensued.

■ With the evidence in such a state we are "able to declare a belief that [the introduction of the victim's testimony regarding identification of the accused at the lineup] was harmless beyond a reasonable doubt." *Chapman v. State of California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

■ When advising the appellant of his rights as to allocution prior to sentencing, the military judge failed to explicitly apprise the appellant that he had a right to remain silent. This is error. *United States v. Hawkins*, 25 U.S.C.M.A. 23, 54 C.M.R. 23, 2 M.J. 23 (1976). However, we find no prejudice since the appellant took the stand and testified under oath in extenuation and mitigation, thus placing him in the best possible position when considering his other choices.

■ The appellant did not receive his copy of the record of trial until after the convening authority took his action. However, we find no prejudice to the appellant from this error. *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976). The trial defense counsel examined the record before the action and he also had an opportunity to rebut any improper matter in the review prior to the action.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge MITCHELL concur.