UNITED STATES, Appellee,

v.

Specialist Four Michael R. WALTERS,
SSN 540–66–8516, United States
Army, Appellant.

CM 436621.

U. S. Army Court of Military Review.

26 July 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain John E. Caulking, JAGC, and Captain Joseph W. Moore, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Michael J. Wall, JAGC, were on the pleadings for appellee.

Before CARNE, COOK and THORNOCK, Appellate Military Judges.

OPINION OF THE COURT

COOK, Judge:

Appellant asserts two errors on appeal. The first concerns the adequacy of the military judge's compliance with the requirement contained in paragraph 53*h*, Manual for Courts-Martial, United States, 1969 (Revised edition). We find that the judge's advice was sufficient. *United States v. Hawkins*, 2 M.J. 23 (C.M.A.1976). The second averment involves the same contention with which this Court dealt at length in *United States v. Onan*, 5 M.J. 514 (A.C.M.R.1978), and in *United States v. Muma*, 5 M.J. 675 (A.C.M.R.1978). While dissented from the majority holding which affirmed the findings of guilty in those cases, I join my compatriot in sustaining this case. The conduct by the trial judge in the case *sub judice* does not reach the magnitude of egregiousness I found present in the earlier cases, consequently a different response on my part is appropriate.

There is another matter, however, which we deem worthy of comment. While we do not find it prejudicial, we do consider that it is a practice which is extremely ill-advised.

The guilty plea in this case was accompanied by a pretrial agreement arrived at between the appellant and the convening authority. As is usual, the agreement was memorialized in two documents. One contained the terms, conditions and other understandings of the appellant. The second paper embodied what is usually referred to as the quantum portion of the agreement, *i. e.*, the maximum sentence the convening authority agreed to approve in exchange for the appellant's plea. In addition, however, the second document also had two other provisions. One concerned a promise by the convening authority not to take any action regarding the commission of two larcenies of which appellant was apparently suspected.

A second proviso dealt with the fact that the convening authority could avoid his obligation under this agreement in the event of appellant's "post-sentencing, pre-action" misconduct.

Because this was a bench trial, the judge accepted the appellant's plea prior to making his decision on an appropriate sentence and inquiring into the sentence limitations of the plea bargain. *See United States v. Green*, 1 M.J. 453, 456 (C.M.A.1976). In actuality this practice resulted in the trial judge, through no fault of his own, not being aware of, and consequently not examining appellant as to his understanding of, the two conditions located in the second document prior to his acceptance of appellant's guilty plea. While the decision in *United States v. Green, supra*, authorized the judge to postpone the examination of one vital condition of the agreement, namely, the maximum approvable sentence (over the eminently logical dissent of Judge Cook), we do not believe that such authorization should be expanded to encompass other terms of the agreement. In short, every aspect of the agreement should be the subject of the *Green* inquiry prior to the acceptance of a guilty plea, with the single exception of the quantum portion which, in a bench trial, may be examined after the judge has decided on an appropriate sentence. In order to facilitate this result the quantum portion of pretrial agreements should contain only the maximum sentence which the convening authority is prepared to approve and be devoid of any other provisions extraneous to that limited subject. We entreat the field to comply with this guidance.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE, concurs.

Judge THORNOCK, not participating.