**UNITED STATES**

v.

**David G. KOEK, 107 50 3060, Seaman Apprentice (E–2), U. S. Navy.**

**NCM 78 0937.**

U. S. Navy Court of Military Review.

6 Oct. 1978.

MICHEL, Judge:

In consonance with his pleas, appellant was found guilty at a special court-martial bench trial of six drug related offenses, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, and one offense alleging his wrongful concealment of an item of personal property knowing the same to have been stolen, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The sentence, which extends to reduction to pay grade E–1, confinement at hard labor for 4 months, forfeiture of $240.00 pay per month for 4 months, and a bad-conduct discharge, was approved by the authorities below, with the proviso that any execution of the bad-conduct discharge be suspended for the period of confinement actually served plus 6 months thereafter, in accordance with the terms of the existing pretrial agreement.

Appellant now summarily alleges a single error:

> BECAUSE THE MILITARY JUDGE FAILED TO APPRISE APPELLANT OF HIS SENTENCING RIGHTS, THE SENTENCE MUST BE SET ASIDE.

We disagree and affirm.

█ It is uncontroverted, either by the record before us or by the parties on appeal, that the military judge, in fact, failed to advise the accused of his allocution rights and his right to present evidence in other forms at the presentencing portion of trial. While the military judge is required, *sua sponte,* to so advise an accused of these matters prior to adjudging any sentence, *(see* paragraphs 75*c* and 53*h, Manual for Courts-Martial, United States, 1969,* [Revised edition]), his failure to conduct the trial in accordance with this mandate is not necessarily grounds for setting aside a sentence otherwise lawfully imposed and qualitatively just. *See United States v. Barnes,* No. 77 1785 (NCMR 6 February 1978).

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

LT Richard A. Joyce, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, GLADIS and MICHEL, JJ.

█ Well settled now is the proposition that advice concerning presentation of extenuating and mitigating evidence, required to be given by a military judge to an ac-

cused during the presentencing stage of trial by court-martial, is grounded within rules of trial procedure which have the force and effect of law. *See United States v. Douglas,* 1 M.J. 354 (C.M.A.1976); *United States v. Ware,* 1 M.J. 282 (C.M.A.1976) at 285 n. 10. When the military judge deviates from this required procedure error results. *See United States v. Hawkins,* 2 M.J. 23 (C.M.A.1976) at 24 and cases cited therein. However, such error is not necessarily one of such magnitude that it can be said to have materially prejudiced the accused's substantial rights. *United States v. Williams,* 20 USCMA 47, 42 CMR 239 (1970); Article 59, UCMJ, 10 U.S.C. § 859. Neither may such defect always be classed as a fundamental defect of constitutional proportions. *See Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), *reh. denied,* 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556 (1962). Thus, within the proper factual context, an otherwise legal sentence is not converted into an illegal one solely as a result of an oversight by the trial judge concerning the directive language contained in paragraph 53*h* of the *Manual. See United States v. Wilburn,* 20 USCMA 86, 42 CMR 278 (1970).

■ This is not to say, however, that when the record before us is devoid of any indicia of the accused's actual knowledge of his rights concerning the presentation of extenuating and/or mitigating evidence, that the imposed sentence will be allowed to stand. Clearly, in such a situation, we would be obliged to follow the lead of our judicial superiors, apply the prophylactic rule, and set aside that sentence. *See United States v. Hawkins, supra.* But that simply is not the situation in the case at bar. Here appellant's trial defense counsel informed the trial judge that the former had advised appellant of his rights during the presentencing portion of trial; appellant, through his trial defense counsel, presented the sworn testimony of a defense witness, five defense documents, and the appellant's own unsworn statement in the form of answers to questions propounded by his own counsel. Further, the trial counsel neither attempted to rebut any of this evidence nor

alluded to it in his argument on sentence appropriateness. Consequently, we perceive that appellant was not only well aware of the nature his rights at this stage of the proceedings, but also that he made educated choices in conjunction with the advice of his trial defense counsel as to what evidence he would present to the sentencing entity and in what form that evidence would be presented. Under these circumstances, setting aside the sentence because the trial judge specifically failed to address the paragraph 53*h* warnings with the accused would be to elevate form over substance, an exercise in which we have consistently refused to indulge. *United States v. Walker,* 4 M.J. 936 (N.C.M.R. 1978); *United States v. Penn,* 4 M.J. 879 (N.C.M.R.1978); *United States v. Barnes, supra.*

Accordingly, the findings and sentence, as modified below, are affirmed.

Senior Judge DUNBAR and Judge GLADIS concur.