UNITED STATES, Appellee,

v.

Thomas Eugene BARNES, Lance Corporal, U. S. Marine Corps, Appellant.

No. 35,686.
NCM 77-1785.

U. S. Court of Military Appeals.

April 9, 1979.

For Appellant: *Lieutenant Vance J. Bettis,* JAGC, USNR (on brief).

For Appellee: *Commander T. C. Watson, Jr.,* JAGC, USN, *Major D. A. Higley,* USMC (on brief); *Lieutenant Commander N. P. DeCarlo,* JAGC, USN.

Opinion of the Court

PER CURIAM:

We granted review to determine whether corrective action as to the sentence is required because the military judge failed to advise appellant of his right to remain silent, as provided by paragraph 53*h,* Manual for Courts-Martial, United States, 1969 (Revised edition).

The record of trial reflects that the judge informed appellant of his right to present sworn testimony or an unsworn statement, but he did not specifically advise appellant of the right to remain silent. Trial defense counsel submitted an unsworn statement on behalf of his client. Appellant now claims that *United States v. Hawkins,* 2 M.J. 23 (C.M.A.1976), requires corrective action. We disagree.

In *Hawkins,* the trial judge did not advise the accused of any of his allocution rights, and the accused made no statement during the sentencing phase of his trial. We concluded the accused was prejudiced by the trial judge's omission. Here, after appellant was advised of his right to testify under oath or present an unsworn statement, defense counsel submitted appellant's unsworn statement. Appellant does not now claim that this statement was materially deficient or otherwise detrimental to his cause or that he would have benefited more by exercising his right to remain silent. Under these circumstances, the United States Navy Court of Military Review found no prejudice and neither do we.

Accordingly, we affirm the decision of the Court of Military Review.