## UNITED STATES

v.

### Senior Airman Anthony T. HENSLEY, FR 450–11–1138 United States Air Force.

### ACM 22454.

U. S. Air Force Court of Military Review.

Sentence Adjudged 20 Oct. 1978.

Decided 23 May 1979.

---

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert P. Hailey.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Robert T. Mounts.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

### DECISION

ORSER, Judge:

The accused was tried by general court-martial, with members, on one specification of desertion and one specification of absence without authority, in violation of Articles 85 and 86 of the Uniform Code of Military Justice, 10 U.S.C. §§ 885, 886. He providently pleaded guilty to the absence offense and, by exceptions, guilty to the lesser offense of absence without authority included in the desertion offense. He was found guilty in accordance with his pleas and sentenced to a bad conduct discharge, confinement at hard labor for four and one-half months, forfeiture of $209.00 per month for a like period of time and reduction to the grade of airman basic. The sentence was approved by the convening authority.

During the defense presentation on the merits of the desertion charge, the reporter's recording equipment malfunctioned for approximately five minutes. There resulted a relatively brief lacuna in the verbatim recording of the testimony of a defense witness. The malfunction was promptly

detected, and to remedy the problem, the military judge, with the cooperation of both the trial and defense counsel, made an effort to reconstruct the unrecorded testimony of the witness. The reconstruction consisted of the parties' recollection of the witness' responses to three questions by the military judge and three questions by the defense counsel (together with an overruled objection to one of the questions by the trial counsel). All parties agreed that the reconstruction fully and accurately reflected the proceedings during the hiatus in transcription. The litigants further agreed with the military judge that it would serve no purpose to cause the witness to reiterate her missing testimony.

Appellate defense counsel now contend the record of trial is not a verbatim transcript of the proceedings as required by the Manual for Courts-Martial, 1969 (Rev.), paragraph 82*b*, to support the sentence in this case. To remedy this alleged deficiency, they pray that the punitive discharge adjudged by the court-martial be set aside. See Article 19, Code, 10 U.S.C. § 819, *supra*; *United States v. Sturdivant*, 1 M.J. 256 (C.M.A.1976); *United States v. Whitney*, 23 U.S.C.M.A. 48, 48 C.M.R. 519 (1974).

■ Initially, we must agree with appellate defense counsel that the military judge erred when he elected to reconstruct the missing testimony of the witness. *United States v. Boxdale*, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973); *United States v. Weber*, 20 U.S.C.M.A. 82, 42 C.M.R. 274 (1970). As the United States Court of Military Appeals declared in *Weber*, at 42 C.M.R. 275, (and reiterated in *Boxdale*) reconstruction of a substantial portion of testimony adduced at the trial "after the fact . . . is not a verbatim transcript of the trial within the meaning of Article 54, Code, *supra*, 10 USC § 854." [1]

■ When confronted with the instant problem, the military judge would have been best advised to follow the procedure commended by this Court in our decision in *United States v. English*, 50 C.M.R. 824 (A.F.C.M.R.1975). In *English*, the military judge involved first summarized or reconstructed a portion of the Article 39(a), Code, *supra*, proceedings which had not been recorded due to a breakdown in the recording equipment, and then proceeded anew and reiterated the proceedings from the point where the equipment had begun to malfunction. We were satisfied that such procedure best insured the correctness of the record and the protection of the rights of the accused.

■ Here, since there was no reiteration of the testimony involved, the record of trial can be characterized as verbatim, and so support the sentence, only if we find that the omitted material was insubstantial and, hence, carried no presumption of prejudice for the government to rebut. *United States v. Boxdale, supra*; *United States v. Donati*, 14 U.S.C.M.A. 235, 34 C.M.R. 224 (1972); *United States v. Nelson*, 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953).

■ Upon careful review of the record, we are convinced no presumption of prejudice obtains, for despite the failure to reiterate the missing testimony, not one fact of substance or materiality to a contested issue is missing from the authenticated transcript. *United States v. Nelson, supra*, 13 C.M.R. 43. The record, including the reconstructed hiatus in the transcript conceded as accurate by the accused's counsel, is clear that the unrecorded testimony related to the sole contested issue in the case, that is, the element of the accused's intent critical to the desertion charge. However, that issue became moot for appellate purposes when the court found the accused guilty not of desertion but only of the lesser included

---

1. The sole authority that permits any form of record reconstruction is paragraph 82*i* of the Manual for Courts-Martial, *supra*. However,

> [t]he purpose of this paragraph is not to provide a reconstruction of the record on which findings of guilty and a sentence may be approved, but to provide a transcript on

which the convening authority may direct a rehearing and at the same time protect the accused by establishing that the evidence at the first trial was sufficient.

*United States v. Boxdale*, 22 U.S.C.M.A. 414, 47 C.M.R. 351, 352 (1973).

offense of absence without authority, as to which he had providently pleaded guilty.

We do not agree with appellate defense counsel that the testimony in question was in any appreciable degree material to the sentencing phase of the proceedings. Although it admittedly could be considered by the court members, as well as this Court, in determining an appropriate sentence,[2] any value it arguably had for that purpose was subsequently superseded when the same witness testified after findings for the defense.

We accordingly conclude that the transcript is sufficiently complete to preserve and present all material evidence bearing on all issues of relevance in the case. *United States v. English, supra.* Minimal standards have been met and we are satisfied there can be no prejudice to the accused on his appeal.

■ Appellate defense counsel further assert that the military judge erred to the accused's prejudice by failing to advise the accused of his rights respecting allocution prior to sentence. While it is true that the military judge did not personally remind the accused of his right to make a sworn or unsworn statement to the court in mitigation or extenuation of the offenses of which he was convicted, or to remain silent, as mandated by paragraph 53*h* of the Manual for Courts-Martial, *supra,* and *United States v. Hawkins,* 2 M.J. 23 (C.M.A.1976), we find that in this instance there is no fair risk that the error was prejudicial to the accused.

For the reasons cogently expressed by the Navy Court of Military Review in its decision of *United States v. Walker,* 4 M.J. 936 (N.C.M.R.1978), *pet. denied,* 6 M.J. 148 (C.M.A.1978), *pet. for reconsideration denied,* 6 M.J. 242 (C.M.A.1979), we find the case of *United States v. Hawkins, supra,* distinguishable from the case at hand. In *Hawkins,* the accused did not testify. By contrast, in this case, as in the Navy's *Walker* case, the accused testified extensively under oath in extenuation and mitigation of the offenses of which he was convicted. In fact, his testimony included his explanation for having used diet pills or "speed," evidence as to which had earlier been presented by the government as uncharged misconduct. And, oddly enough, the military judge did not permit the trial counsel to conduct any cross-examination when the defense counsel had concluded his direct examination of the accused.

We agree ·with appellate government counsel that the accused thus derived the benefits of making a statement under oath without exposure to cross-examination just as if he had made an unsworn statement. Under the circumstances, the appellate defense assertion of error is without merit.[3]

We have carefully considered the remaining assertions of error and find them without merit. For the reasons stated, the findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

EARLY, Chief Judge, HERMAN and ARROWOOD, Judges, concur.

---

2. See Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c), *United States v. Smith,* 46 C.M.R. 1312 (A.C.M.R.1973).

3. See *United States v. Barnes,* 6 M.J. 356 (C.M.A.1979), cited in their brief by appellate government counsel. In *Barnes,* the United States Court of Military Appeals agreed with the Navy Court of Military Review that the accused was not prejudiced despite the fact the military judge failed to advise him of his right to remain silent as required by paragraph 53*h* of the Manual for Courts-Martial, 1969, (rev.). The record showed that the military judge did advise the accused of his right to testify under oath or present an unsworn statement and the defense counsel submitted an unsworn statement on the accused's behalf. As in the case at bar, there was no appellate claim that the accused's statement was materially deficient or otherwise detrimental to his cause or that he would have benefitted more by exercising his right to remain silent.