UNITED STATES

v.

Captain Dwight T. LASHLEY, 050–38–9237 FV United States Air Force.

ACM 22744.

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 Oct. 1979.

Decided 22 Jan. 1981.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before EARLY, KASTL and MILLER, Appellate Military Judges.

## DECISION

### PER CURIAM:

The accused, an officer and nurse anesthetist, was found guilty by a general court-martial of various drug and absence-related offenses under Articles 86, 107, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 907, 921, and 923. For purposes of resolving the issues discussed herein, precise details are unnecessary. He was sentenced to dismissal, confinement at hard labor for three months, and forfeiture of $1,000.00 per month for three months.

On appeal, the accused first argues that the malfunction of recording equipment during testimony of a crucial government witness resulted in a nonverbatim record of trial; therefore, he asserts, his sentence must be reduced to a level permitted when a record is nonverbatim.

Finding that the record may be characterized as verbatim, we disagree.

At trial, one crucial question was whether the accused had forged a certain hospital record. To prove the charge, the prosecution called a documents examiner of the Federal Bureau of Investigation. During approximately 20 minutes of his redirect examination the recording equipment malfunctioned. Apparently, the tape would momentarily stick, then start again. The court reporter quickly brought the problem to counsel's attention. The military judge then superintended an attempt to reconstruct the missing testimony. Much was discernable on the tape, so the reporter prepared a "fill-in-the-blanks" draft transcript overnight to aid in reconstruction. The initial attempt occurred the next day during an Article 39a session, with all parties in attendance, including the FBI witness. The parties attempted to fill in the blank portions of the draft transcript; the recreation process was eased by trial counsel's retained list of questions, which he had put to the witness during redirect examination. Subsequently, the assistant trial counsel and the FBI witness met out of court and compiled further notes re-creating his testimony. In a second Article 39a, 10 U.S.C. § 839(a) session, these notes were used to complete the reconstruction. The defense participated in the earlier attempt, voicing objections to various words. The parties spent over two hours in Article 39a sessions on the record attempting reconstruction.*

Upon careful review, we are convinced that this transcript is sufficiently complete

---

* We commend the military judge for his professional effort to minimize and resolve the problem. The preferred method, however, is to proceed anew on the same matters. See *United States v. English*, 50 C.M.R. 824, 825 (A.F.C.M.R. 1975).

for a verbatim record. *United States v. Hensley*, 7 M.J. 740 (A.F.C.M.R. 1979). We particularly note: (1) the fill-the-blanks procedure, using salvagable portions of the FBI witness' testimony; (2) the attempt while testimony was fresh in everyone's mind; and (3) the participation of all counsel and the witness in recapturing the original language. We are convinced that the substance of the witness' original redirect examination appears in the record. Accordingly, we are satisfied that it may be characterized as verbatim and so support the sentence. *United States v. Hensley, supra; United States v. Nelson*, 3 U.S.C.M.A. 482, 13 C.M.R. 38, 42 (1953). See also *United States v. Pearson*, 6 M.J. 953 (A.C.M.R. 1979) and *United States v. Maxwell*, 2 M.J. 1155 (N.C.M.R. 1975).

We have considered the third assignment of error and find it without merit.

Finally, although the issue is a close one, we have considered the second assignment of error and are not convinced that the evidence is sufficient to support the findings of guilty as to Specifications 4 and 5 of Charge III. Therefore, the findings of guilty of Specifications 4 and 5 of Charge III are set aside and ordered dismissed. Additionally, because of our decision, the parallel offense under Charge IV must be amended. Only so much of the finding of guilty of Charge IV as reflects that the accused stole 600 milligrams of demerol, *vice* 775 milligrams, is approved. Reassessing the sentence in the light of all this, we affirm only so much of the sentence as provides for dismissal and confinement at hard labor for three months.

The findings of guilty and the sentence, as modified, are

AFFIRMED.