## UNITED STATES

v.

**David E. CHRISTENSEN, 476 86 5062, Private First Class (E–2), U. S. Marine Corps.**

**NMCM 81 2848.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 14 May 1981.

Decided 29 Jan. 1982.

---

LT Judith S. Robinson, JAGC, USNR, Appellate Defense Counsel.

LT Darrell M. Grams, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BOHLEN and BYRNE, JJ.

BYRNE, Judge:

Appellant assigns two errors for our review. Only the first merits discussion: THE MILITARY JUDGE ERRED IN FAILING TO ADVISE APPELLANT OF HIS RIGHT TO CALL WITNESSES AT THE PRESENTENCING PHASE OF THE TRIAL.

We hold that a military judge has no initial obligation to advise an accused regarding witness rights at the presentencing stage of a court-martial. *Contra, United States v. Wilson*, No. 81 0244 (N.M.C. M.R. 21 April 1981) (unpublished).

There is a requirement in subparagraph 53*h* of the *Manual for Courts-Martial, 1969 (Rev.) (Manual)* that the accused be advised of his "allocution" rights. This requirement was incorporated into the *Manual* in 1975. It requires that the military judge, after guilty findings are reached, "will personally remind the accused of his rights to make a sworn or unsworn statement to the court in mitigation or extenuation of the offenses of which he stands convicted, or to remain silent." A later sentence in the subparagraph expressly provides that a judge may not assume that an accused's rights as to allocution have been correctly explained even though the accused has been represented by an attorney. *United States v. Hawkins*, 2 M.J. 23, 24 (C.M.A.1976).

Except for these "allocution" rights, there is no other advice, as regards presentencing, that *must* be provided to an accused who is represented by an attorney. Paragraph 53*h*, *Manual, supra.*

Further, paragraph 53*h* of the *Manual* specifically states:

> Ordinarily, the military judge ... need not volunteer advice to the accused during the course of the trial as it may be assumed that his counsel has performed his duties properly, has advised the accused of his rights and the law affecting the case, and that, for reasons best known to them, they desire to pursue a certain course.

Only when "deemed necessary" will the military judge pursue the issue further. *Id.*

Paragraph 53*h* of the *Manual* accords significance to an accused's representation by an attorney:

> When an accused is represented by legally qualified counsel, it may be *assumed*, except in the situations noted above, that he has been correctly advised of these rights, and it is unnecessary to inquire if the accused has been so advised or to explain the rights to the accused. (Emphasis supplied.)

Consequently, paragraph 53*h* of the *Manual* does *not* require a military judge *routinely* to advise an accused concerning any right to call witnesses during the presentencing phase of the trial, when the accused is represented by an attorney.

We have examined the record of trial and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence, as approved on review below are affirmed.

Senior Judge GLADIS and Judge BOHLEN concur.