UNITED STATES, Appellee,

v.

Specialist Four Aaron F. NELSON, 363–72–1667, United States Army, Appellant.

No. CM 447198.

U.S. Army Court of Military Review.

31 Oct. 1985.

Lieutenant Colonel Arthur L. Hunt, JAGC, Major Jerry W. Peace, JAGC, Cap-

tain Alfred H. Novotne, JAGC (on brief), for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Byron J. Braun, JAGC, Captain Amaury R. Colon-Burgos, JAGC (on brief), for appellee.

Before O'ROARK, RABY, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

O'ROARK, Chief Judge:

Pursuant to his pleas, appellant was convicted of absence without leave and larceny of a government check, in violation of Articles 86 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886 and 921 (1982), respectively. He was sentenced to a dishonorable discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E-1. The convening authority approved the sentence.

Appellant contends that the military judge erred by failing to advise appellant personally of his right to present witnesses and documents in extenuation and mitigation as required by Rule for Courts-Martial (RCM) 1001(a)(3). We hold that this omission is not prejudicial error.

After the findings of guilty were announced and the prosecution rested on sentencing, the military judge advised appellant that "[a]t this time, we'll proceed to the defense portion of the trial—defense evidence on sentencing." The military judge then explained to appellant that he could participate personally at the sentencing stage of the trial by making a sworn or unsworn statement, or that he had the right to remain silent. The military judge did not advise appellant with the specific language of RCM 1001(a)(3), *i.e.*, that he had the right to present matters in extenuation and mitigation. Defense counsel neither objected to these instructions nor asked for additional instructions. The appellant made a brief unsworn statement. He expressed remorse for his misconduct,

attributing his problems to stress. No other documents or witnesses were presented on behalf of appellant.

Rule for Courts-Martial 1001(a)(3) succinctly establishes an accused's right to present matters during the presentencing procedure as follows: "The military judge shall personally inform the accused of the right to present matters in extenuation and mitigation, including the right to make a sworn or unsworn statement or to remain silent, and shall ask whether the accused chooses to exercise these rights."

This rule is a modified restatement of the provision in Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM, 1969), para. 53*h*, which required the military judge to explain to the accused his allocution rights at the presentencing stage of the trial. Two significant modifications to the new rule merit comment. First, MCM, 1969, para. 53*h*, only required the military judge to explain to the accused his right to make a sworn or unsworn statement or to remain silent. Rule for Courts-Martial 1001(a)(3) expands the explanation the military judge must give to the accused. The military judge is now required to inform the accused that he has the right to present matters in extenuation and mitigation *including* the right to testify or to remain silent. Second, MCM, 1969, para. 53*h*, contained a specific caution that even when an accused is represented by qualified counsel, it may *not* be assumed that the accused was correctly advised of these allocution rights. Rule for Courts-Martial 1001(a)(3) contains no such caution.

Appellant relies on *United States v. Hawkins*, 2 M.J. 23 (C.M.A.1976), to support the imposition of a prejudice *per se* rule when the military judge fails to give the proper presentencing explanation to the accused. *United States v. Hawkins* and the other cases cited in both defense and government briefs concern the failure of the military judge to explain properly the accused's allocution rights. In this case the military judge gave a complete explanation of the allocution rights, but did not explain to appellant that he could present

other matters on his behalf. Thus, what initially appeared to be yet another case of deficient allocution rights advice raises for the first time the significance of the military judge's incomplete instruction regarding the expanded requirements of RCM 1001(a)(3).

 The requirements of RCM 1001(a)(3), which are properly prescribed rules of trial procedure, have the force and effect of law. Accordingly, omission of the required advice is procedural error. *See United States v. Hawkins,* 2 M.J. 23. The question then becomes whether such error materially prejudiced the substantial rights of the accused resulting in an incorrect sentence. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

In *United States v. Hawkins,* the Court of Military Appeals found prejudicial error when the trial judge failed to advise the appellant of his allocution rights. This result was based on the specific language of MCM, 1969, para. 53*h,* which precluded an assumption that trial defense counsel had correctly explained allocution rights to the accused. The accused in *Hawkins* did not make a statement of any kind during the presentencing procedure and no other independent evidence existed showing that the accused was aware of his presentencing rights.

*United States v. Hawkins* appeared to have established a prejudicial error *per se* rule for deficient presentencing allocution instructions. Subsequent decisions involving similar errors, however, showed literal application of *Hawkins* to be too inflexible. Prejudicial error was not found in cases when allocution rights advice was either omitted or was imperfectly given, but the accused made a statement during the presentencing procedure or independent evidence existed showing that the accused understood his rights. *See United States v.*

*Barnes,* 6 M.J. 356 (C.M.A.1979) (defense counsel made an unsworn statement on behalf of the accused); *United States v. Walker,* 4 M.J. 936 (N.C.M.R.), *pet. denied,* 6 M.J. 148 (C.M.A.1978) (accused testified in extenuation and mitigation); *United States v. Koek,* 6 M.J. 540 (N.C.M.R.1978) (accused made an unsworn statement, defense witnesses were called, and five defense documents presented); *but see United States v. Davis,* 6 M.J. 969 (N.C.M.R. 1979) (sentence set aside because accused made a sworn statement which was damaging).

 In the case at bar, the military judge gave proper allocution rights advice to appellant prior to sentencing without objection or request for additional instructions by defense counsel. Appellant personally participated in the presentencing procedure by making an unsworn statement. There is no claim of detriment to appellant.[1] Finally, the current rules do not preclude the assumption that a qualified defense counsel correctly advised appellant of his presentencing rights. *See* RCM 502(d)(6), Discussion. Given the high quality of representation provided by the U.S. Army Trial Defense Service, such an assumption is reasonable and proper. *See generally Strickland v. Washington,* 466 U.S. 668, ——, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984) (a presumption exists that counsel will fulfill the role in the adversary process that the sixth amendment envisions). Applying the "material prejudice to substantial rights" test of Article 59(a), UCMJ, we find that there is no fair risk that appellant did not understand his presentencing rights and, therefore, prejudicial error did not occur.

The findings of guilty and the sentence are affirmed.

Senior Judge RABY and Judge CARMICHAEL concur.

---

1. This court is presented with a bare allegation of procedural error. Appellant asserts that this case was tried in such haste (*e.g.,* waiver of the Article 32(b), UCMJ, investigation) that circumstantially it appears that defense counsel did not have adequate time to advise the accused. We are not persuaded that such was the case. On the record, both appellant and his defense counsel stated that adequate time had been available for properly counseling appellant. The speed with which this case was brought to trial appears to be part of a strategy to accommodate the civil prosecution that appellant was facing in the local community.