UNITED STATES

v.

Matthew P. GAGNON, 362 78 7473, Lance
Corporal (E–3), U.S. Marine Corps.

NMCM 82 1915.

U. S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 18 Nov. 1981.

Decided 13 April 1983.

LCDR Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LT Daniel Lippman, JAGC, USNR, Appellate Defense Counsel.

H.C. Rosely, Civilian Defense Counsel.

LCDR R. Clayton Seaman Jr., JAGC, USN, Appellate Government Counsel.

Before BOHLEN, Senior Judge, and EOFF and KERCHEVAL, JJ.

BOHLEN, Senior Judge:

Appellant was convicted at a special court-martial of possession, sale and transfer of one-half ounce of marijuana, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. He was sentenced to three months confinement at hard labor, forfeiture of $300.00 pay per month for three months, reduction to the lowest enlisted pay grade and a bad-conduct discharge. This court affirmed the findings and sentence 28 June 1982. By order of the United States Court of Military Appeals, dated 1 December 1982, the record of trial was remanded to this court for further consideration of two of three assigned errors, namely:

I

WAS THE DEFENDANT DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL?

III

WAS THE DEFENDANT ACCORDED HIS RIGHT TO A FAIR AND IMPARTIAL TRIER OF FACT?

Assignment III was based upon appellant's unilateral, uncorroborated affidavit concerning an alleged comment made by the military judge to him prior to entering the courtroom to hear his case. Appellant asserts the military judge stated "in words loud enough for all to hear," "He parts his hair in the middle ... he's a druggy"; and further, that he immediately brought the comment to the attention of his defense counsel, Captain (B), who did nothing about it despite appellant's request to preserve it in the record of trial.

The military judge and Captain (B) provided affidavits in response to appellant's allegations denying both the existence of the statement and any request by the accused to have it placed in the record. We find as a matter of fact that appellant's statement does not possess sufficient weight for remedial consideration by this court and is without merit.

Appellant attacked the sufficiency of Captain (B)'s representation over the course of the entire trial. We are convinced from an examination of the record of trial and Captain (B)'s affidavit provided to this Court that, during the findings portion of the trial, appellant's assertion of inadequate representation is without merit. Appellant's objections relate to strategic and tactical decisions made at trial by defense counsel which we will not second-guess. Nor do we find evidence of inaction during a critical point during findings where action would have been compelled by the situation. *See United States v. Rivas,* 3 M.J. 282, 289 (C.M.A.1977).

Appellant's first assignment of error is meritorious to the extent it embraces counsel representation during the presentencing proceedings. During the case-in-chief, appellant took the stand in his own behalf. He testified that he was standing guard duty at the time of the offense and that he did not remember the buyer of the marijuana being in his room on the night of the offense. During presentencing proceedings, however, appellant offered the following in an unsworn statement:

Constantly being around drugs, I am either connected with them or associated with them in some way. My actions were wrong, but just by common peer pressure and with my pay, lack of money shows that in some way I had to earn money. By doing this I was more like a middle man dealing in between people. If someone needed something, I could get it. In this matter, I remember (Lance Corporal K) coming to get a bag. I received the bag from a friend of mine for him. I know that it was wrong, sir, and that is all I can say.

■ In response to appellant's statement, the military judge asked Captain (B):

Now, I want to evaluate this unsworn statement. I point out that there is an apparent inconsistency between what was said there and the defense on the merits, which was basically mistaken identity or alibi or something in that nature. What we have in the unsworn statement sounds something like a procuring agency defense. (")I just got it from someone else after having gotten a call, and then I sold it to somebody, I'm just a middleman.(") I am sure, Mr. Defense Counsel, you were aware of this, and I take it into consideration that it is not a surprise to you. Is that a fair statement?

DC: Yes, sir.

In his affidavit to this Court, Captain (B) provided a partial explanation for appellant's unsworn statement by stating:

... Lance Corporal GAGNON stated to me that he may have made the sale of marijuana but felt fairly certain that he stood guard duty that day. Lance Corporal GAGNON told me that he did not remember (the buyer's) face. However, this was not unusual because he had sold marijuana to enough people that he couldn't remember the faces of a number of buyers.

Lance Corporal GAGNON stated to me that he remembered talking to Lance Corporal (K) about a drug sale. The result at trial was I went as far as I felt I could ethically ...[1]

This portion of the affidavit relating to appellant's prior drug-dealing activities was offered to explain appellant's confusion over the events of the night of the charged offense, and further to explain why demanding Lance Corporal (K)'s personal presence at trial (versus his hearsay statements offered by a Naval Investigative Service agent) would prove detrimental to appellant's interests. Specifics of the prior drug-dealing activities were not disclosed.

Without any in-court explanation for the reason for his client's radical departure from his testimony on the merits, Captain (B) simply adopted appellant's second diametrically opposed version by stating in his sentencing argument:

... Lance Corporal GAGNON sincerely admits the wrongdoing of possession, sale and transfer of marijuana and states that it won't happen again. No longer will his emotions be swayed by peer pressure....

Examining the record alone, without the illumination of Captain (B)'s affidavit, the military judge could only have surmised from counsel's lack of surprise over the content of his client's unsworn statement that both counsel and client were either untruthful on the merits or during presentencing. The record and Captain (B)'s affidavit are also silent as to whether appellant's decision to "confess" in his unsworn statement was discussed prior to trial. We are only provided with, "The unsworn statement was not made before trial."

■ We are well aware that on occasion a client is either uncertain of the truth or is untruthful with his defense counsel. Ap-

---

1. At oral argument, appellant's civilian appellate counsel suggested Captain (B)'s affidavit unduly compromised the attorney-client relationship between appellant and Captain (B). When a convicted defendant becomes disenchanted with his trial defense counsel and claims inadequate representation at trial, the attorney-client relationship is waived as to matters reasonably related to that claim. *United States v. Dupas,* 14 M.J. 28, 30 (C.M.A.1982). Captain (B) did not abuse his right to respond with the use of privileged information in that his disclosures were matters reasonably related to appellant's complaints and were not so specific as to expose appellant to any further military charges.

pellant testified to the best of his recollection and never unqualifiedly admitted his guilt of the specific charged offense to Captain (B) prior to trial. Given the context of appellant's recollection we are not of the opinion that Captain (B) suborned perjury by allowing appellant to testify or by adopting appellant's version of the facts during his closing argument on findings. *See generally United States v. Radford,* 14 M.J. 322 (C.M.A.1982); *see also ABA Code of Professional Responsibility, Disciplinary Rule 7–102(A)(4).*

■ Given the in-court dilemma created by his client, the only realistic strategic or tactical decision for Captain (B) to make was to speak up—which he did not. It was incumbent upon Captain (B), especially in response to the concern voiced by the military judge, to either reopen the unsworn testimony of his client to explain the conflict or to personally make an offer of proof to cast aside the spectre of perjury from his client. *See Rivas, supra.* We are satisfied that this omission, standing alone, was a sufficiently serious act of incompetency by Captain (B) that affected the trial result. *United States v. Jefferson,* 13 M.J. 1 (C.M.A.1982).

Additionally, we cannot envisage in this case how it would have been advantageous for appellant to state as he did during presentencing after having been convicted over his sworn testimony to the contrary.

■ "(T)he accused's right to make an unsworn statement is the right of allocution, rooted in the common law." *United States v. Walker,* 4 M.J. 936, 937 (N.C.M.R. 1978).

> The major viable justification for according an accused the right of allocution is its therapeutic value. ABA Project in Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedures 225 (Approved Draft 1968). It affords an accused the opportunity to participate personally in his trial, and assuage any bitterness or suspicions he may harbor regarding the fairness of the proceedings.

> It may therefore serve as an early step toward rehabilitation.

*Id.* at 938.

Although it is not a constitutional or jurisdictional error to fail to accord an accused an opportunity to make an unsworn statement, *id.,* once allowed, notions of fundamental fairness dictate that it should be made with full knowledge of its consequences. This requires not only the advice from the military judge as required by paragraph 53*h* of the *Manual for Courts-Martial,* but also proper advisement from counsel.

■ We are of the opinion that it is sufficiently apparent from the record and counsel's affidavit that the content of appellant's unsworn statement, as given, was not discussed prior to its offering to the military judge. Had it been discussed as given, Captain (B) should have attempted to dissuade his client from doing so and recorded the discussion in a permanent memorandum. *United States v. Blunk,* 17 U.S.C.M.A. 158, 160, 37 C.M.R. 422, 424 (1967). Captain (B)'s failure to adequately and thoroughly discuss the contents of appellant's unsworn statement prior to its offering or to preserve for review his efforts to dissuade his client is sufficient to show that he did not function with the customary skill and knowledge which normally prevails within the range of competence demanded of attorneys in criminal cases. *Rivas, supra.*

■ Now that we have found error, we must examine it in the context of the entire presentencing proceeding to determine whether appellant was prejudiced by it. In that appellant's case in extenuation and mitigation consisted only of his unsworn statement and service record entries, the prejudicial effect of his unsworn statement as given was greatly magnified. His service record entries reflect nine evaluation periods with average proficiency and conduct marks of 4.4 and 4.4 respectively on a 5-point scale, above average intelligence and a lack of any prior disciplinary proceedings or adverse counselling entries. Because the military judge may have considered the fact that appellant perjured

himself in determining appellant's potential for rehabilitation, *United States v. Warren,* 13 M.J. 278 (C.M.A.1982), the possibility that a bad-conduct discharge may not have been awarded to appellant is strong. We are not of the opinion that an unsuspended bad-conduct discharge is an inappropriate sentence for a first-time conviction for possession, sale and transfer of one-half ounce of marijuana, *United States v. Trottier,* 9 M.J. 337 (C.M.A.1980), however, we are compelled by notions of fundamental fairness to grant some form of relief in this case.

■ What appellant needed at trial was a positive and more comprehensive presentation of extenuation and mitigation evidence by counsel. Counsel has the obligation to present *all* known and available favorable evidence which would tend to manifestly and materially affect the outcome of the case because his obligation to further his client's interests continues throughout the entire trial, including sentencing. *United States v. King,* 13 M.J. 863, 866 (N.M.C. M.R.1982). Accordingly, we approve the findings as approved on review below and direct that a full rehearing on appellant's sentence be conducted. Because there is a possibility that Captain (B) or the military judge or both could be called as witnesses at the rehearing, we further direct that another military judge be appointed to preside over the rehearing and that appellant be provided an opportunity to request substitute military counsel.

Judge EOFF and Judge KERCHEVAL concur.