CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Chief Warrant Officer Three CASEY B. ROBERTS**
**United States Army, Appellant**

ARMY 20150023

Headquarters, 25th Infantry Division
Gregory A. Gross, Military Judge
Colonel Mark A. Bridges, Staff Judge Advocate (pretrial)
Colonel William D. Smoot, Staff Judge Advocate (post-trial original action)
Colonel Ian R. Iverson, Staff Judge Advocate (post-trial new review and action)

For Appellant: Major Andres Vazquez, Jr., JA; Brian Pristera, Esquire (on brief); Captain Timothy G. Burroughs, JA; Brian Pristera, Esquire (on reply brief); Captain Benjamin J. Wetherell, JA; Brian Pristera, Esquire (on supplemental brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Resposo JA (on brief); Colonel Tania M. Martin, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Resposo, JA (on supplemental brief).

7 June 2018

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Judge

In this case, we find appellant's record of trial (ROT) lacks a verbatim transcript, which precludes our review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (2012) (UCMJ).

Appellant's first court-martial, *United States v. Roberts*, Army 20140732, ended in mistrial [hereinafter Roberts I]. Subsequently, a military judge, sitting as a

general court-martial convicted appellant, contrary to his pleas, of sexual assault and indecent visual recording in violation of Articles 120 and 120c, UCMJ and sentenced appellant to a dismissal, confinement for three years, forfeiture of all pay and allowances, and a reprimand [hereinafter Roberts II]. The convening authority suspended the adjudged forfeitures and waived automatic forfeitures for a period of six months, but otherwise approved the sentence as adjudged.

Appellant initially raised three assignments of error, all of which, at least in part, were premised on the lack of completeness of the Roberts II ROT because the Roberts I ROT was not attached. Because it appeared the convening authority did not review the Roberts I ROT prior to taking action on Roberts II, we set aside the action and returned the case for a new staff judge advocate recommendation (SJAR) and convening authority action (action) with "direction that before [issuing] any new SJAR and action," the Roberts I ROT be attached to the Roberts II ROT. *United States v. Roberts*, ARMY 20150023, 2017 CCA LEXIS 442 (Army Ct. Crim. App. 30 June 2017) (summ. disp.).

After the issuance of a new SJAR and action, the case was returned to this court. After noting the government only attached a summarized transcript of Roberts I to the Roberts II ROT, we ordered the government to provide a verbatim transcript of Roberts I. *United States v. Roberts*, ARMY 20150023 (Army Ct. Crim. App. 11 April 2018) (order). The government was unable to do so.[1] We accept the government's assertion that a verbatim transcript from Roberts I cannot be created.

Appellant's case is again pending review before this court pursuant to Article 66, UMCJ.

## BACKGROUND

Roberts I included a variety of defense motions, to include, a motion to dismiss due to prosecutorial misconduct and, in the alternative, to disqualify trial counsel. Two witnesses testified regarding this motion but their testimony was not verbatim or even summarized in the transcript. There is no verbatim or summarized account of the parties' arguments on the motion in the transcript. Most importantly, the "defense motion for dismissal or remove [sic] trial counsels was denied" by the military judge without further elaboration or inclusion of any oral or written

---

[1] The government provided a detailed affidavit listing their efforts to locate the Roberts I audio files. The government asserts there is no hard copy of the audio files and replication is impossible because the "court reporters utilized a standalone laptop for producing records of trial during the two trials involving appellant. . . . [which has] been life-cycled (turned in for disposal) and . . . the contents of its hard drive were erased."

findings of fact or conclusions of law in the summarized transcript or attached as an exhibit regarding the basis of the military judge's denial.

Ultimately, Roberts I adjourned because the military judge declared a mistrial. The Roberts I ROT, however, provided no further clarification as to the reason for the mistrial, whether counsel provided argument on the issue, or the basis of the military judge's ruling. The following transcript excerpt regarding the mistrial is illustrative of the entire Roberts I ROT and its failure to document the proceedings:[2]

> The trial counsel made an opening statement.
>
> The defense made an opening statement.
>
> The following witness was called by the Prosecution:
>
> **Mark Adam Hammond.**
>
> The military judge ordered the members to withdraw from the courtroom.
>
> **[The court-martial recessed at 1200, 24 September 2014.]**
>
> **[The court-martial recessed at 1323, 24 September 2014.]**
>
> The military judge stated that all parties previously present were again present, the members are absent.
>
> The military judge declared a mistrial.
>
> **[The court-martial adjourned at 1330, 24 September 2014.]**

---

[2] "If a verbatim transcript is not required . . . a summarized report of the proceedings may be prepared instead of a verbatim transcript." Rule for Courts-Martial (R.C.M.) 1103(b)(2)(C). Even if a verbatim transcript is not required, but motions were made "the substance of the motion, a summary of any evidence presented concerning it, and the military judge's ruling will be included in the record." *Manual for Courts-Martial, United States* (MCM), Appendix 13 Guide for Preparation of Record of Trial by General Court-Martial and By Special Court-Martial When a Verbatim Record is not Required. The transcript excerpt does not comply with the requirements of the Appendix 13 Guide.

The mystery as to the Roberts I mistrial was revealed in Roberts II by the military judge:

> [L]et me just put on the record what has happened on the history of this case. The charges were referred to trial way back when, I can't remember when it was originally. We started the trial last month I believe it was and on the first witness the special agent mentioned in front of the panel that [appellant] had invoked his rights when the agent tried to interview him, the defense requested a mistrial, I granted the mistrial, the charges were re-referred, and that's why we're starting over today.

The military judge and the parties, however, did not start anew regarding the presentation of evidence, witness testimony, argument, and rulings regarding several motions. This failure to "start over" is the genesis of the problem regarding the Roberts II ROT.

In Roberts II, defense re-filed a motion to dismiss with prejudice, attached as Appellate Exhibit I, asserting "4 grounds for the instant motion . . . [which had] been raised by the defense previously and ruled upon by the Court" in Roberts I. Defense "mov[ed] to dismiss based on the cumulative effect of all the misconduct that has occurred." The grounds, among others, included alleged prosecutorial misconduct and the special agent's improper testimony in Roberts I. The defense re-filed the motion "for the record" and "[t]o make sure that it was documented for purposes of appeal." The government filed a response, attached as Appellate Exhibit II, to the defense's motion to dismiss. The government's response stated "[t]he matters Defense has raised in its instant motion, either a military judge has already denied or took some action to remedy any concerns" in Roberts I.

A review of the entire Roberts II record establishes both parties believed the grounds of the motion to dismiss had been fully litigated and ruled upon in Roberts I and all the proceedings and rulings regarding the motion that occurred in Roberts I were being incorporated into Roberts II making further testimony, evidence, or argument on the motion unnecessary in Roberts II. The military judge ratified the parties' belief by denying the defense motion without receiving any evidence, witness testimony, or argument or providing any essential findings of facts or conclusions of law. The military judge denied the motion by merely stating "I didn't find any prosecutorial misconduct [in Roberts I]. And as you said, four of those grounds that you mentioned in the motion have already been ruled upon [in Roberts I]."

Beyond the re-filed defense motion to dismiss, the Roberts II ROT is filled with numerous motions, which the defense did not re-file, but the parties and the

4

military judge discussed as occurring in Roberts I and as applying to Roberts II.[3] After a review of the entire Roberts II ROT, we adopt the government's assertion that "[a]ll prior rulings [from Roberts I] were incorporated by reference into [Roberts II.]"

## LAW AND ANALYSIS

### *Standard of Review*

Article 54, UCMJ requires "the preparation of a complete record of the proceedings in a general court-martial where 'the sentence adjudged includes . . . a dismissal . . . or any other punishment which exceeds that which may otherwise be adjudged by a special-court martial.'" *United States v. Gaskin*, 72 M.J. 225, 230 (C.A.A.F. 2013) (citing UCMJ. art. 54(c)(1)(A)). A verbatim transcript must exist in the ROT if the convening authority approves a sentence which includes either a dismissal, confinement for over six months, forfeiture of all pay for over six months, or forfeiture of pay exceeding two-thirds pay per month. R.C.M. 1107(d)(4); R.C.M. 1103(b)(2)(c).

"The question of 'whether the record of trial is incomplete, is one that presents a question of law' that this court reviews de novo." *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000) (holding "records of trial that are not substantially

---

[3] These incorporated Roberts I motions and rulings included a denied defense request to present evidence under Military Rule of Evidence (Mil. R. Evid.) 412 regarding the alleged victim. Two witnesses testified regarding this motion. There is no verbatim or summarized account of their testimony. There is no oral or written ruling containing the military judge's findings of fact or conclusions of law regarding the Mil. R. Evid. 412 ruling in either ROT. The Roberts II ROT indicates the parties and the military judge believed the Roberts I Mil. R. Evid. 412 ruling was still in effect for the current trial and "that [Mil. R. Evid.] 412 stuff was not coming in." Roberts I also involved a denied defense motion to compel the production of the alleged victim's mental health records but there is no oral or written ruling containing the military judge's findings of fact or conclusions of law regarding the Mil. R. Evid. 513 ruling in either ROT. The military judge stated in Roberts II "I reviewed the [Mil. R. Evid.] 513 records, mental health records, [during Roberts I] and determined that I was not going to release anything." The military judge again incorporated a Roberts I ruling into the Roberts II trial. Based on our decision regarding the motion to dismiss, we need not decide whether these motions, which were not re-filed by defense in Roberts II, involved: (1) an error by the military judge or government for incorporating the rulings from Roberts I into Roberts II without oral or written findings of fact or conclusions of law by the military judge in either ROT; or (2) waiver and possible ineffective assistance of counsel by defense for failing to re-file the motions.

verbatim or are incomplete" cannot support a punitive discharge or confinement over six months).

"A verbatim transcript includes:  all proceedings . . . arguments of counsel, and rulings . . . by the military judge."  R.C.M. 1103(b)(2) Discussion.  "Where factual issues are involved in determining a motion, the military judge shall state the essential findings on the record."  R.C.M. 905(d).  In the absence of a required verbatim transcript a convening authority can either "(1) [a]pprove only so much of the sentence that could be adjudged by a special court-martial, except that a bad-conduct discharge, confinement for more than six months, or forfeiture of two-thirds pay per month for more than six months, may not be approved, or . . . (2)[d]irect a rehearing."  R.C.M. 1103(f); RCM 1107(d)(4).

*Incorporation of Ruling from Roberts I into Roberts II*

Our superior court holds "the lack of a verbatim transcript and an incomplete record are separate and distinct errors under the R.C.M."  *United States v. Gaskin*, 72 M.J. 225, 230 (C.A.A.F. 2013).  Based on the nature of the convening authority's approved sentence, a verbatim transcript was required for Roberts II.  For the reasons stated below, we hold the Roberts II ROT does not contain a verbatim transcript.[4]

In Roberts II, defense counsel re-filed a motion to dismiss "for the record" and "[t]o make sure that it was documented for purposes of appeal" "due to the cumulative prosecutorial and government misconduct."  The military judge denied defense's motion by providing only a mere reference to the previous proceedings and rulings in Roberts I.

We do not possess, and the government cannot provide, a verbatim, or even summarized transcript, from Roberts I providing the witness testimony, arguments, or essential findings of fact or conclusions of law made by the military judge regarding the grounds for denying the motion to dismiss.  The military judge did not provide his essential findings of fact or conclusions of law in oral or written format in Roberts II regarding the denial of defense's motion as required by R.C.M. 905.

While there was no presentation of evidence, taking of witnesses, or argument on the motion to dismiss in Roberts II, which could be interpreted as a failure by the moving party, we find the defense re-filed the motion expressly stating they were attempting to preserve the issue for appeal.  This required the military judge to make a ruling that contained his essential findings of fact and conclusions of law

---

[4] Because we find Roberts II lacks a verbatim transcript and thus precludes our review under Article 66, UCMJ, we need not address whether the ROT is incomplete.

regarding his basis for the denial of the defense motion. In this situation, we hold any error regarding the non-litigation of the motion in Roberts II lies with the military judge and his incorporation of the Roberts I proceedings, to include rulings, into the Roberts II trial. We hold this incorporation caused the Roberts II ROT to lack the military judge's essential findings of fact and conclusions of law, the related witness testimony, and the parties' argument regarding the grounds for the motion to dismiss. Because this information exists in neither record, we find the Roberts II ROT is non-verbatim. "[A] ruling by the judge affecting rights of the accused at trial must be fully recorded if the transcript is to be verbatim." *United States v. Richardson,* 21 U.S.C.M.A. 383, 45 C.M.R. 157 (1972).

While the government relies on *United States v. Jackson*, ARMY 20051165, 2007 CCA LEXIS 593 (Army Ct. Crim. App. 23 Mar. 2007) (mem. op), this case is distinguishable. In *Jackson*, appellant pled guilty to all offenses but prior to his plea stated "the defense [at an] earlier [trial] made motions and the rulings on those motions have been entered into the record of trial." This court noted that the second trial did not contain the earlier rulings and specified the issue as to "whether the record of trial in the instant case constitutes a verbatim transcript under [R.C.M.] 1103." *Id.* at *6.

This court found no appellate relief necessary in *Jackson* because, among other reasons, the defense did not re-file their motions in the second trial, the rulings from the prior court-martial were later attached as a government appellate exhibit to the second trial, the military judge appropriately decided the rulings, and appellant agreed that the government motion to attach the rulings constituted a verbatim record of trial for the second trial. *Id.* at 8.

At bar, the defense re-filed their motion to dismiss in a contested trial and the government failed to provide an oral or written verbatim, or sufficiently summarized, ruling outlining the military judge's essential findings of fact or conclusions of law regarding his denial of the motion.[5] This failure deprives this court with any opportunity to determine if the military judge's ruling was appropriately decided. "[T]he failure to include all proceedings . . . impairs this court's ability to determine whether the military judge's actions were arbitrary, unreasonable, [or] constituted an abuse of discretion." *United States v. Brooks*, ARMY 20011152, 2003 CCA LEXIS 330, at *6 (Army Ct. Crim. App. 9 September 2003) (citing *United States v. Sturdivant*, 1 M.J. 256, 257 (C.M.A. 1976)). "An incomplete record prejudices one's right on appeal when the court is unable to ascertain, with any degree of reasonable certainty, the substance of the proceedings

---

[5] Because the government conceded it was impossible to create a verbatim transcript of Roberts I, we find a proceeding in revision is not appropriate under R.C.M. 1102 (b)(1).

before it." *Brooks*, 2003 CCA LEXIS 330 at *5, (citing *United States v. Nelson*, 3 U.S.C.M.A. 482, 486, 13 C.M.R. 38, 42 (1953)).

This is not a case about a ROT missing an exhibit. This is a case about a ROT lacking a verbatim or sufficiently summarized transcript of witness testimony, argument, and a military judge's essential findings of fact and conclusions of law regarding a defense motion to dismiss with prejudice for, among other issues, prosecutorial misconduct. This court is unable to discern with any degree of reasonable certainty the substance of the proceedings and ruling regarding the motion to dismiss.

## CONCLUSION

The convening authority's action, dated 24 January 2018, is set aside.[6] This case is returned to the convening authority under R.C.M. 1103 to either: (1) take a new action approving only so much of the sentence that could be adjudged by a special court-martial under R.C.M. 1103(f)(1); or (2) direct a rehearing under R.C.M. 1103(f)(2).

Senior Judge CAMPANELLA and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[6] Corrected.